## Butchers' Ice and Coal Co., Ltd., *v.* Phila., Appellant.

*Practice, S. C.—Assignment of error—Evidence.*

An assignment of error to the admission of evidence which fails to set forth the evidence admitted under the exception is defective.

*Wharves—Sewers—Damages—Evidence.*

In an action against a municipality to recover damages for an injury to a wharf caused by deposits from a sewer, it is competent for the plaintiff to show that the injury could have been avoided by an extension of the sewer to the end of the adjoining wharf which was the property of the city.

Plaintiffs owned a wharf extending into the river one hundred and sixty-two feet. The adjoining wharf owned by defendant, a city, extended into the river two hundred and seventy-five feet. Between these wharves was a dock sixty feet wide into which the city opened a sewer at a point on the inner side of the dock forty-seven feet from plaintiff's wharf. Deposits from the sewer obstructed the dock. It was not denied that the injury could have been avoided by the extension of the sewer to the end of the city's wharf. The ordinance authorizing the sewer was passed after the adoption of the constitution of 1874. *Held,* that plaintiff could recover.

Malone v. City, 2 Penny. 370; Carr v. Northern Liberties, 35 Pa. 324; Fair v. City, 88 Pa. 309; and Collins v. City, 93 Pa. 272, distinguished.

*Consequential damages—Constitution of 1874, art. 16, § 8.*

In the above case the liability of the city was for consequential damages under art. 16, § 8, of the constitution of 1874, and was not affected by the fact that the sewer was on the city's land, and opened into a dock adjoining the city's wharf; nor was it necessary to the existence of the liability that the land on which the sewer was constructed should have been taken by the city in the exercise of the right of eminent domain.

Argued Jan. 19, 1893.   Appeal, No. 18, Jan. T., 1893, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1891, No. 569, on verdict for plaintiffs.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass for injuries to wharf by construction of sewer.

At the trial, before ALLISON, P. J., it appeared that plaintiffs were owners of a wharf on the Delaware river in the city of Philadelphia.   The wharf extended into the river 162 feet. The adjoining wharf, owned by the city, extended into the river 275 feet.   Between these wharves was a dock 60 feet wide. By an ordinance passed in 1889 in pursuance of the authority conferred upon the city by act of April 8, 1864, P. L. 324, the city authorized the construction of the sewer opening into the dock at a point on the inner side of the dock 47 feet from plaintiff's wharf.   Deposits from the sewer obstructed the dock.   It was admitted that the injury could have been avoided by the extension of the sewer to the end of the city's wharf.

When C. E. Albright, a witness for plaintiff, was on the stand, he was asked : " Q.  Now, I ask you, as an engineer, if the city had carried out on her own property, to the end of her own wharf, this sewer, would not the deposits have been swept up and down and away from this dock?   Objected to.   I do not think the plaintiff has the right to question the power nor the duty. nor what the city ought to have done or may have done.   Mr. Alexander :  I wanted to show in good faith to the jury, from an engineer, that the city could have built this in a way which would not have injured our property.   The Court : By carrying the sewer that much further out?   Mr. Alexander : Yes, sir.   Objection overruled and exception. [1]   A. I would answer that question by saying, Yes.   The reason is that the depth of the water is considerably greater than the current of the main river, which, in this case, is not far from the wharf line or city property line."

Defendant's points were as follows :

" 1. If there has been no want of reasonable care and discretion, or of reasonable skill in the execution of their power, by the municipal authorities in the construction of this sewer, the city is not liable, and your verdict should be for the defendant."   Refused. [2]

2. Request for binding instructions. Refused. [3]

Verdict and judgment for plaintiffs for $10,000. Defendant appealed.

*Errors assigned* were (1) ruling on evidence ; (2, 3) instructions ; quoting instructions and question, but not answer or bill of exception.

*Howard A. Davis, James Alcorn* and *Charles F. Warwick* with him, for appellant, cited : Carr v. Northern Liberties, 35 Pa. 324 ; Fair v. City, 88 Pa. 309; Collins v. City, 93 Pa. 272 ; Pa. Co. for Ins. on Lives v. R. R., 151 Pa. 334 ; Malone v. City, 2 Penny. 370 ; Leutz v. Carnegie, 145 Pa. 612 ; Gallagher v. Kemmerer, 144 Pa. 509 ; Duffield v. Rosenzweig, 144 Pa. 520 ; Clark v. R. R., 145 Pa. 438 ; Easby v. Patterson, 6 W. N. C. 318 ; Tinicum Fishing Co. v. Carter, 61 Pa. 21 ; Kusenberg v. Browne, 42 Pa. 173.

*Robert Alexander, Edward W. Magill* with him, for appellee, cited : Dillon on Mun. Corp., § 781 ; O'Connor v. Pittsburgh, 18 Pa. 187 ; Allentown v. Kramer, 73 Pa. 406 ; Monongahela Nav. Co. v. Coon, 6 Pa. 379 ; Reading v. Althouse, 93 Pa. 400 ; Pusey v. Allegheny, 98 Pa. 522 ; Gould on Waters, 281 ; Clark v. Peckham, 9 R. I. 455 ; Clark v. Peckham, 10 R. I. 35 ; Clement v. Burns, 43 N. H. 609 ; Bowman's Devisees & Burnley v. Wathen, 2 McLean, 376 ; Lessee of Blanchard v. Porter, 11 Ohio, 138 ; Crawford v. Village of Delaware, 7 Ohio St. 459 ; Blundell v. Catterall, 5 B. & Ald. 268 ; Somerset v. Fogwell, 5 B. & C. 875 ; Martin v. Waddell, 16 Pet. 367 ; Richardson v. Boston, 24 How. 188 ; Harrison v. Sterett, 4 Har. & McH. 540 ; Pumpelly v. Green Bay Co., 13 Wal. 166 ; Arimond v. Green Bay Co., 31 Wis. 316 ; Eaton v. R. R., 51 N. H. 504 ; Pennoyer v. Saginaw, 8 Mich. 534 ; Sleight v. Kingston City, 18 N. Y. Supr. 594 ; Kusenberg v. Brown, 42 Pa. 173 ; Tinicum Fishing Co. v. Carter, 61 Pa. 30 ; Act of March 29, 1803, 4 Sm. L. 70 ; Act of April 8, 1868, P. L. 755 ; Krug v. St. Mary's Borough, 152 Pa. 33 ; Seely v. Alden, 61 Pa. 302.

OPINION BY MR. JUSTICE McCOLLUM, July 19, 1893 :

A considerable portion of the appellant's printed argument

is devoted to the discussion of a question which is not on the record. There was no exception taken in the court below to the admission of the evidence in relation to the market value of the wharf property before and after the construction of the sewer, and consequently there is no specification of error in this court which requires us to consider whether such evidence was appropriate to the issue.

The first specification complains that the objections to a question contained in it were overruled, but as it does not embrace the answer to such question it is a defective specification which we would be justified in disregarding: Van Horne to use, etc., v. Dick, 151 Pa. 341. Inasmuch however as we discovered the objections and answer in our perusal of the testimony printed in the appendix to the appellant's paper book we will say that we think the objections were not well taken. It was competent under the pleadings for the appellees to show how their property was affected by the sewer, and that injury to the former could have been avoided by an extension of the latter on the property of the city to the end of its own wharf.

The second specification is to the refusal of the court below to instruct the jury that if there was no want of reasonable care or skill on the part of the municipality in the construction of the sewer the verdict should be for the defendant. This specification may properly be considered in connection with the third and fourth specifications, because taken together they raise the question whether in the absence of negligence the city is liable for an injury to adjacent property caused by the construction of its sewers. The appellant contends that it is not responsible for such injury and cites Malone v. The City of Philadelphia, 2 Pennypacker, 370, as authority for its position. In that case as in this a wharf property was materially injured by deposits of filth discharged into the river through a sewer constructed by the city. In each case the deposits were formed in the dock adjoining the wharf and prevented the admission of vessels to it. But in Malone's case the sewer was constructed prior to the constitution of 1874, and in conformity with the provisions of a statute which prescribed its course, while in this case it was constructed under an ordinance passed by councils in pursuance of a power conferred by the act of April 8, 1864, and after the adoption of the present constitution. In the first case

the sewer was built in obedience to a legislative mandate, while the sewer in question was located and constructed by the city in the exercise of its discretion under the power conferred as above stated.

The city owns the land and wharf immediately north of the appellee's property, and its wharf extends into the river 275 feet, while the wharf belonging to the appellees extends into the river but 162 feet. Between these wharves is a dock sixty feet wide into which the sewer opens at a point forty-seven feet from the appellee's wharf or seventeen feet from the north line of their property. In this dock the deposits are formed which constitute the obstruction and produce the stench complained of. It is conceded that this condition is attributable to the construction of the sewer and materially detracts from the value of the appellee's property. It was shown on the trial, and not denied, that the injury to their property might have been avoided by the extension of the sewer to the end of the city's wharf. Upon these facts, are the owners of the injured property without remedy? / Must they convict the city of negligence in the construction of the sewer in order to maintain their action for the damages they have sustained by it? In addition to Malone v. The City, the appellant cites and relies on Carr v. The Northern Liberties, 35 Pa. 324; Fair v. The City, 88 Pa. 309, and Collins v. The City, 93 Pa. 272, to support affirmative answers to these questions. A plain distinction appears between the cases last mentioned and the case under consideration. In the former, the claims for damages were founded upon the alleged inadequacy of the sewers to carry off the surface water during heavy showers, and in the latter the claim rests on the undisputed fact that access to the appellee's wharf is obstructed by deposits of foul matter discharged through the sewer. These deposits are on the appellee's property, and the natural and necessary result of the location and construction of the sewer in question. It is a sewer through which the filth drained from a thickly populated portion of the city and a large manufacturing district is discharged. Its dimensions at the bulkhead or point of discharge are seven by eleven feet, and its capacity is no greater than is required to properly carry off the filth from the district it drains. This filth is deposited in the dock by which the appel-

lees have lawful access to their wharf, and, as we have seen, materially obstructs if it does not actually cut off such access.

It seems clear to us that for the injury done to the appellees' property by the construction of the sewer the city is liable under section 8, article 16 of the constitution, which provides that " Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements." This liability is for consequential damages, and is not affected by the fact that the sewer is on the city's land and opens into a dock adjoining the city's wharf, nor is it necessary to the existence of the liability that the land on which the sewer was constructed should have been taken by the city in the exercise of the right of eminent domain.

The specifications are overruled and the judgment is affirmed.