# W. H. J. Blizzard, Appellant, *v.* The Borough of Danville.

*Sewers—Municipalities—Damages—Waters—Statute of limitations.*

Where a municipality adopts a stream as an open sewer it is bound to keep open the channel of the stream, and to remove accumulations of filth, ashes, or other material that obstructs the flow of the water and throws it out of its banks upon the land of adjoining owners. There can be no prescriptive right to neglect so plain a municipal duty.

A borough adopted a small stream as an open sewer in 1860. In an action brought in 1891 plaintiff averred that in 1889 and subsequently the stream was so obstructed by accumulation of sewage that its banks were overflowed and injuries caused to his land which abutted on the stream. *Held*, (1) that the liability of the borough for the injury inflicted arose when the injury occurred, and might be sued on within six years thereafter; (2) that plaintiff's claim was not barred by the statute of limitations.

Argued March 3, 1896. Appeal, No. 110, Jan. T., 1896, by plaintiff, from judgment of C. P. Montour Co., Sept. T., 1891, No. 101, entering nonsuit. Before GREEN, McCOLLUM, MITCH-ELL, DEAN and FELL, JJ. Reversed.

Trespass for injuries to land.

Plaintiff's statement of claim was as follows :

The plaintiff, W. H. J. Blizzard, claims of the defendant, a municipal corporation duly incorporated and existing under the laws of the state of Pennsylvania, the damages hereinafter demanded, upon the following statement; the plaintiff, to wit, on the 30th day of May, 1889, and for a long time prior thereto, and from thence hitherto, was and still is the owner and occupier of certain town lots of land situate in the borough of Danville aforesaid upon which are erected two dwelling houses, a workshop, a barn and stables, through which lots of land a rivulet or small natural stream of water flows and discharges into a stream called Sechler's Run, and which said rivulet prior to the commission of the grievance hereinafter mentioned flowed through plaintiff's land and into the said " Sechler's Run " without detriment or injury to the land or buildings of the said plaintiff, and of right ought to have so run and continued to flow.

Nevertheless, the said defendant, not regarding its duty in this behalf, wantonly and negligently planned, erected and constructed certain sewers, and changed certain ancient water courses, so that the whole of the surface water from what is known as Yorks hill and Bloom street is collected in an increased and unusual quantity and discharged into the said rivulet above the plaintiff's premises ; that the water so collected and discharged by reason of the conduct and acts of the said defendant has been diverted from its natural flow and ancient courses into the said rivulet, and by reason of the said drains and sewers of the defendant the flow of water into the said rivulet has been increased far beyond its natural capacity, and is precipitated upon the land of the plaintiff in an increased and unnatural volume ; so that on the said the 30th day of May, 1889, and at divers times during the years following, to wit in the years 1890 and 1891, up to the time of the bringing of this suit, and at divers times since the bringing of suit, at various times during the said years, and in times of ordinary rains as well as of extraordinary showers, for which prior to the commission of the said grievance the said rivulet was of sufficient capacity to carry away the usual flow of waters, an increased, unnatural and unusual body of water was collected by means of said sewers, and discharged in, upon and over the premises of the said plain-

tiff, and the said stream caused to overflow its banks, and the waters so collected were discharged with such force and in such volume that the banks of the said creek were swept and torn, and the foundations of the plaintiff's barn and stable has been torn out and destroyed several times, and the soap factory and shop wholly injured and destroyed, and plaintiff's well filled up and injured, and the cellar of plaintiff's dwelling filled with water, and his house rendered uninhabitable, and the land of plaintiff so injured and destroyed as to be rendered valueless, and plaintiff's fences and bridges swept away, to the great damage of the plaintiff. And plaintiff further avers that by reason of the said increased flow of water as aforesaid, the usual outlet of the said stream is insufficient to carry off the said water in times of ordinary rains, and the waters so discharged into said stream are obstructed and impeded, and made to back up and overflow the premises of plaintiff and render them valueless and uninhabitable, to the great damage of the plaintiff as hereafter stated. And plaintiff further avers that the said defendant has caused to be collected and discharged into the said stream the contents of private cesspools and privies and stables, and the filth of the upper part of Bloom street and Yorks hill, which filth so collected and discharged in times of ordinary rain, and at all other times, is precipitated upon the lands and property of the plaintiff, causing noxious odors and poisonous vapors, and rendering the premises of the plaintiff uninhabitable, by reason of the pollution of the air; that the odors and vapors and noxious gases so generated pollute the air in, upon and about the plaintiff's premises, and destroy the comfort of plaintiff's home, and impair the health of himself and family, causing sickness and discomfort of his said family, and the plaintiff has been and still is greatly annoyed and incommoded in the use, possession and enjoyment of his said property, and is by the commission of the grievances aforesaid by the defendant as aforesaid otherwise greatly injured and damnified, to wit, at the county aforesaid, to the damage of the plaintiff $5,000, and therefore he brings suit.

Evidence was offered at the trial which tended to support the averments of the statement.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*James Scarlet* and *H. M. Hinckley*, for appellant.—The municipality was liable for the damages done to the plaintiff, and the statute of limitations did not begin to run in its favor until the injuries were inflicted in 1889; Elliott v. Oil City, 129 Pa. 570; Weir v. Plymouth, 148 Pa. 566; West Bellevue v. Huddleston, 23 W. N. C. 240; Jessup v. Loucks, 55 Pa. 361; Jones v. Crow, 32 Pa. 406; Gehman v. Erdman, 105 Pa. 374; Horn v. Miller, 142 Pa. 564; Alta L. & W. Co. v. Hancock, 85 Cal. 219; Holsman v. Bleaching Co., 14 N. J. Eq. 345; Polly v. McCall, 37 Ala. 20; Haskell v. New Bedford, 108 Mass. 218; Hathorne v. Stinson, 3 Fairfield, 183; Nelson v. Butterfield, 21 Me. 220; Donnell v. Clark, 19 Me. 174; Crosby v. Bessey, 49 Me. 539; Parker v. Hotchkiss, 25 Conn. 321; Felton v. Simpson, 11 Iredell's L. R. 84; Cooper v. Barber, 3 Taunton, 99; Webb v. Bird, 13 C. B. N. S. 841; Murgatroyd v. Robinson, 7 El. & Bl. 391; McCallum v. Germantown W. Co., 54 Pa. 40; Harris v. Phila., 155 Pa. 76; Briegel v. Phila., 135 Pa. 451; Butcher's Ice & Coal Co. v. Phila., 156 Pa. 54; Good v. Altoona, 162 Pa. 493; Seifert v. Brooklyn, 54 Amer. Rep. 669; Ashley v. Port Huron, 35 Mich. 296; Jacksonville v. Lambert, 62 Ill. 519; 16 Am. & Eng. Ency. of Law, 995; Mills v. Hall, 9 Wend. N. Y. 315; Cooley on Torts, 614; Boston Mills v. Cambridge, 117 Mass. 396; 16 Am. & Eng. Ency. of Law, 997; Flight v. Thomas, 10 Ad. & El. 182.

*R. S. Ammerman* and *Grant Herring*, for appellee.—There was no nuisance in this case: Hackney v. State, 8 Ind. 495; 16 Am. & Eng. Ency. of Law, 926, 927; Owen v. Phillips, 73 Ind. 284; King v. Morris etc. R. R. Co., 18 N. J. Eq. 397; 16 Am. & Eng. Ency. of Law, 996.

Plaintiff's claim is barred by the statute.

OPINION BY MR. JUSTICE WILLIAMS, May 18, 1896:

On the trial of this case it was made to appear that the borough of Danville began about 1860 to make use of a natural stream known as Blizzard's Run as a part of its general system of drainage. By means of a covered sewer and a paved alley, the surface drainage of nearly twenty acres has been turned into this stream and one or more cellar drains have been connected

with it. The stream thus became an open sewer, adopted and used as such, by the borough authorities ; and the duty of the borough to keep its channel open and to remove accumulations of filth, ashes, or other material that obstructed the flow of the water and threw it out of its banks upon the lands of adjoining lot owners was as clear as though the sewer had been constructed, instead of having been adopted, by the action of the municipal authorities. The right of action by a lot owner grows, not out of the adoption of the stream as a sewer which was an act wholly within the power of the municipality; but out of its negligence in not keeping the sewer in at least as good condition as it found it. There is therefore no question of prescriptive right in this case. There can be no prescriptive right to neglect so plain a municipal duty. If the borough had entered upon some portion of the plaintiff's lot in the construction of a sewer in 1860, the right of action for that trespass would be at this time effectually barred by the lapse of time. But when a sewer, built it may be one hundred or more years ago, gets into bad repair, the liability of the municipality for the injury inflicted upon lot owners arises when the injury occurs and may be sued for within six years thereafter. The judgment of nonsuit proceeded therefore upon an erroneous idea of the relation of the parties and of the plaintiff's cause of action. We are inclined to think enough appears in the plaintiff's declaration to show that the injury complained of is charged to the failure on the part of the municipality to clean out and keep open the channel of the stream so as in ordinary floods to afford a passage for its water as freely as the natural channel did before the action of 1860 was taken by the borough. This is the measure of duty which the municipality owes the plaintiff, and if an amendment is needed in order to place the plaintiff's claim fully on the record, it can easily be made. But upon the evidence this case presented a question of fact for the jury. That was a question of negligence on the part of the municipality. If the borough has simply drained into this stream and then given no attention to the effect of its action on the stream, or on lot holders along its banks, and the stream has been choked, or its channel obstructed in consequence of the character or quantity of the material drained into it, and injury has resulted to the plaintiff, the negligence of the borough authori-

ties in not removing such obstruction and keeping the channel open is the true ground on which the plaintiff's right to recover must rest.

Was the stream obstructed or filled up as the result of the adoption of this stream as an open sewer, and the drainage into it? Did the borough neglect to keep the channel open, and permit the overflow and accumulations complained of? Was the plaintiff injured in consequence of this negligence? If the jury so found their only remaining duty was the ascertainment of his damages.

The judgment of nonsuit entered in this case is now reversed and set aside and a venire facias de novo awarded.