# Bigham *v.* City of Pittsburgh, Appellant.

*Municipalities—Streams—Sewers—Duty to maintain—Damages.*

Where a borough adopts a stream for use as an open sewer it becomes its duty to keep the channel open and remove accumulations of filth, ashes or other material that obstruct the flow of the water and throw it out upon the land of adjoining lot owners. There can be no prescriptive right to neglect so plain a duty.

Where the use of a stream as a sewer has resulted in the formation of an artificial bar, which diverted the flow of the stream against the plaintiff's land, an injunction requiring city to remove the bar and restore the stream to its original channel, will be affirmed.

Argued April 30, 1924.  Appeal, No. 127, April T., 1924, by defendant, from decree of C. P. Allegheny Co., Jan. T., 1923, No. 2071, Sitting in Equity, in the case of Kirk Q. Bigham v. City of Pittsburgh.  Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Bill in equity to restrain a municipality from permitting sewage from open water course to encroach upon property of plaintiff.  Before CARPENTER, J.

The facts are stated in the opinion of the Superior Court.

The court entered a decree directing defendant to open a channel for Saw Mill Run within the lines of Wilmerding Street within sixty days from the date of the decree, and to keep the channel of Saw Mill Run free from obstruction to the ordinary flow of water.  Defendant appealed.

*Error assigned* was, among others, the decree of the court.

*Thomas M. Benner,* Assistant City Solicitor, and with him *Richard W. Martin,* City Solicitor, for appellant.— A city may connect its sewers and drainage with any natural channel for the flow of water without incurring liability to keep the channel open to its mouth: Munn v. Mayor, etc., of Pittsburgh, 40 Pa. 364; Owens v. Lancaster, 182 Pa. 257; Glasgow v. City of Altoona, 27 Pa. Superior Ct. 55; Dalton v. Towanda Borough, 215 Pa. 402.

*C. Elmer Bown,* and with him *Thomas Patterson,* for appellee.—It was the duty of the city to keep the channel of the stream open and remove accumulations that obstructed or diverted the flow of water: Shaughnessy v. Pittsburgh, 20 Pa. Superior Ct. 609; Blizzard v. Dan-

ville, 175 Pa. 479; Siegfried v. S. Bethlehem Boro., 27 Pa. Superior Ct. 456.

OPINION BY KELLER, J., July 2, 1924:

Sawmill Run is a natural water-course which flows through the City of Pittsburgh for a distance of about three and one-half miles and drains a considerable part of its territory. Many years ago it was adopted by the city as an open sewer: Shaughnessy v. Pittsburgh, 20 Pa. Superior Ct. 609, 611; and has been used and maintained as such ever since. In its course through the City of Pittsburgh it was accustomed to flow within the lines of Wilmerding Street, as laid out (though not opened) ; but for the last four or five years, obstructions have been allowed to accumulate and form a sort of bar in the stream, diverting the flow of the sewer, throwing it over against plaintiff's land abutting on the south, and cutting into his land so that the flow is now wholly over one end of his lot and threatens to undermine and destroy one of plaintiff's buildings. During its course through the city, before it reaches plaintiff's property, thirteen trunk sewers, (storm and sanitary), ranging in size from fifteen to seventy-two inches in diameter, with a network of lateral sewers as connections, discharge their contents into the stream carrying away such part of the five million gallons of water pumped daily into that section of the city as is discharged in the form of sewage, and materially increasing the flow of the stream.

Alleging these facts, as well as the noisome and offensive character of the eroding sewage, the plaintiff filed a bill in equity praying (1) that the city be enjoined from permitting the sewage from said open sewer to encroach upon his property and undermine or flow over or upon the same; and (2) that the city be required to cut a channel through the obstruction within the lines of Wilmerding Street in front of plaintiff's property and return the flow of sewage to its proper course.

Defendant filed an answer admitting, in effect, the facts above recited, but denying liability for such erosion and change of course of the stream.

After a hearing in which the facts above stated were established by evidence, the court entered a decree: (1) That the defendant, within sixty days from the date thereof, open a channel for Sawmill Run within the lines of Wilmerding Street in front of plaintiff's land; and (2) that the defendant keep the channel of Sawmill Run in front of plaintiff's land free from obstructions to the ordinary flow of the stream.

Defendant excepted to the decree and the conclusions of law supporting it, and these exceptions having been dismissed, has appealed to this court, and assigned for error the dismissal of said exceptions and the final decree of the court.

We are of opinion that the decree of the court and the conclusions of law, on which it was based, were in accord with the legal principles declared by our Supreme Court and this court.

It was held in Blizzard v. Danville, 175 Pa. 479, that where a borough adopts a stream for use as an open sewer it becomes its duty to keep the channel open and remove accumulations of filth, ashes or other material that obstruct the flow of the water and throw it out of its banks upon the lands of adjoining lot owners; and that there can be no prescriptive right to neglect so plain a duty. This was followed in Owens v. Lancaster, 182 Pa. 257, where a water-course in the City of Lancaster was adopted and used as an open sewer and the evidence showed that the stream was obstructed so that the bottom was considerably elevated by the accumulations of sand, solid refuse, and other material, which the city did not clean out but allowed to increase from year to year, and thus caused the banks of the stream to break down and wash away and occasioned frequent overflows upon the land of the plaintiffs leaving deposits of filth and sewage thereon; and it was held that the city was re-

sponsible for the consequences of such neglect. In Butchers' Ice & Coal Co. v. Phila., 156 Pa. 54, the city was held responsible for accumulations of filth, etc., from its sewer which obstructed plaintiff's access to its wharf. Following these decisions this court held in Glasgow v. Altoona, 27 Pa. Superior Ct. 55, that where a municipality adopted a water-course as an open sewer it was bound to keep the channel of the stream open and prevent the accumulation of filth which might obstruct the same and was liable to respond in damages for any injury which might be done to riparian owners in consequence thereof; its duty in this respect being the same as if the sewer had been an artificial one constructed by the municipality: Siegfried v. S. Bethlehem Boro., 27 Pa. Superior Ct. 456, 460.

In our opinion it makes no material difference whether the obstruction in the sewer permitted by the city results in merely flooding the abutting owner's land, as in the Blizzard case; or in raising the bed of the stream, washing away its banks and overflowing the same, as in the Owens case; or in forming a bar and diverting the flow of the sewer so as to cause it to erode and wash away the banks along plaintiff's land, as in this case. The principle in all three cases is the same. Having adopted the water-course as a part of its sewer system the city must keep its channel, while in use as a sewer within its limits, free of obstruction to the ordinary flow of the stream. The facts in Munn v. Pittsburgh, 40 Pa. 364 and Dalton v. Towanda, 215 Pa. 402, relied upon by appellant, are wholly unlike this case. There is nothing in them which leads to a different conclusion here.

We are not concerned, in this appeal, with the question of how much of the damage to his property plaintiff might have avoided by constructing protective cribbing along his bank. That may be material in a suit for damages; it cannot affect his right to require the performance by the city of its legal duty in the premises.

The assignments of error are overruled and the decree is affirmed, except that the time for performance is extended to sixty days from the return of the record. Costs to be paid by appellant.