Robert H. DANIELS and Mary Daniels, his wife,

v.

The BERYLLIUM CORPORATION.

No. 24953.

United States District Court
E. D. Pennsylvania.

Nov. 30, 1962.

John S. Speicher, Reading, Pa., for plaintiffs.

Oscar Brown, George P. Williams, III, of Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

FREEDMAN, District Judge.

Defendant has moved for complete or partial summary judgment under Rule 56. The question presented is the application of the statute of limitations to a so-called "continuing tort" by the defendant and the effect thereon of the plaintiffs' definitive ascertainment of a resulting disease during the continuance of the tort.

Plaintiffs are the injured wife and her husband. The facts before us, drawn from the complaint and answer, and answers to interrogatories, are these: As a result of defendant's contamination of the atmosphere in the vicinity of its manufacturing plant near Reading, Pennsylvania, the wife contracted beryllium poisoning. The wife resides a little more than two miles from the defendant's plant and has been constantly exposed to the poisoned atmosphere from some time prior to World War II until the present time.

In the fall of 1949, as a result of inhalation of beryllium dust the wife first became ill, manifesting symptoms such as shortness of breath, coughing, loss of weight and general loss of interest. In March, 1953, the illness was definitely diagnosed as beryllium poisoning. This suit was not filed, however, until July 1, 1958.

The defendant pleaded the bar of the statute of limitations in its answer and it clearly is entitled to summary judgment if the statute has run. 6 Moore, Federal Practice (2d ed.), § 56.17 [58], p. 2261. And since this is a diversity action in which all of the operative facts occurred in Pennsylvania, the Pennsylvania law of limitation of actions, statutory and decisional, applies. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). The relevant Pennsylvania statute of limitations is the Act of June 24, 1895, P.L. 236, 12 P.S. § 34, which provides: "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards * * *."

What is the date "when the injury was done" which marks the beginning of the statutory two-year period? Is it the fall of 1949, when the symptoms first appeared? Is it March, 1953, when the diagnosis of beryllium poisoning was made? Defendant contends that it is not important whether the date of manifestation of the symptoms or the date of diagnosis of the disease is taken as the beginning of the period, for in either case the two years would already have run before the suit was brought. Defendant, therefore, claims that the statute is a complete bar, or in the alternative at least a bar to that portion of the claim that existed in the period antedating the two years which preceded the suit. Plaintiffs take the opposite view. They contend that this is a "continuing tort", that the injury done to the wife has continued uninterruptedly to the present time and hence the statute of limitations had not even begun to run when the suit was filed in July, 1958.

Statutes of limitation have as their fundamental basis the elimination of stale claims and the discouragement of delay in seeking legal redress. Their simple provision of a chronological time limit, however, often involves more than a mechanical application of the statute. So it early came to be recognized that the lapse of time prescribed by the statute of limitations would not be applied to bar a suit if the plaintiff was diverted from bringing it by the fraud of his adversary (Bailey v. Glover, 21 Wall. 342, 88 U.S. 342, 22 L.Ed. 636 (1874); Smith v. Blachley, 198 Pa. 173, 47 A. 985, 53

L.R.A. 849, (1901)), or by the defendant's secreting himself or otherwise making service of process within the State impossible after the cause of action arose (Act of May 22, 1895, P.L. 112, 12 P.S. § 40; Hunter v. Bremer, 256 Pa. 257, 100 A. 809 (1917)).

In the immediate area of the present problem the decisions in various States are in conflict. See Annotation, When limitation period begins to run against cause of action or claim for contracting of disease, 11 A.L.R.2d 277 (1950). But since we are concerned with Pennsylvania law we turn to examine the view of the Supreme Court of Pennsylvania. In Plazak v. Allegheny Steel Company, 324 Pa. 422, 188 A. 130 (1936), a workman quit his employment because of an illness which a short time later was diagnosed as silicosis. The trial court granted a new trial on the ground that his evidence that his employment had ceased less than two years before the date of suit was against the weight of the evidence.[1] On appeal the Supreme Court of Pennsylvania affirmed the award of a new trial on the ground that there was no abuse of discretion and no certification that the reason given was the only reason for a new trial. The court also held that defendant was not entitled to judgment n. o. v. because on such a motion the evidence favorable to plaintiff had to be accepted and this brought the suit within two years from the date of his last employment. The case accordingly went back for retrial on the disputed issue of fact whether plaintiff last was employed and thus exposed to the silica dust before or during the two years preceding the suit. The opinion makes it clear that the statute would bar the suit if the last exposure was more than two years before the suit was brought, but not if the suit was brought within two years from the last exposure. Mr. Justice Linn said: "There was breach of defendant's statutory duty to furnish a reasonably safe place to work during each and every day, from the time in 1928 when he [plaintiff] resumed working on the grinding machine, to the time when he ceased. That period was continuous; the breach of statutory duty was continuous; it operated from the first working day to the last and, in dealing with the effect said to have resulted, must be treated as one tort, as one invasion of plaintiff's legally protected interest in bodily security. (p. 427 of 324 Pa., p. 132 of 188 A.) * * * The time when the injury has been wrongfully inflicted, when the cause of action accrues, and from which the limitation period begins, in actions of the class to which this belongs, is when the breach of duty to provide a reasonably safe working place occurs. If the relation is continuous, as in that of master and servant, and the default is likewise continuous until the cumulative effect produces disability in the form of occupational disease, total or partial, the master's failure to perform his duty * * * is regarded as a single wrong continuing so long as the employment continues. Such wrong must therefore be redressed by action brought within two years and not thereafter from the time when the employment terminates. It is conceivable that this may in some cases be a hardship, but it is one which the court cannot correct." (pp. 429–430 of 324 Pa., p. 133 of 188 A.).

In the Plazak case the facts show that the suit was brought within two years from the time of diagnosis.[2] The court, however, made no reference to the date of diagnosis or the discovery of the existence of the disease as a datum point for the beginning of the statutory peri-

[1] Plaintiff claimed he worked until April 5, 1930. The suit was brought March 28, 1932. On his claim, therefore, the suit was brought within two years from the time his employment ceased, which was also the end of his exposure to silicosis. Defendant claimed that plaintiff ceased work on March 18, 1930, more than two years before the suit was brought.

[2] The diagnosis of silicosis was made some time after April 11, 1930. The suit was brought on March 28, 1932.

od. This, however, became the crucial element in the subsequent case of Ayers v. Morgan, 397 Pa. 282, 154 A.2d 788 (1959). There the plaintiff had been operated on by the defendant in 1948. Nine years later plaintiff, who had been experiencing pain since the operation, underwent another operation which disclosed that a surgical sponge had been left in his body. Within two years from the discovery of the sponge, and ten years after the original operation, plaintiff sued the first surgeon for malpractice. The court held that the statute did not bar the suit. It adopted in effect the principle that injury is not done, under the statute, until it is known or is reasonably ascertainable.[3]

The Supreme Court of the United States in Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), had earlier applied the rule adopted by Ayers to a factual situation similar to that of Plazak. It held that injury was not done under the Federal Employer's Liability Act until it was reasonably ascertainable and hence the statute of limitations did not begin to run until plaintiff, who was a victim of silicosis, knew or should have known of his illness. Mr. Justice Rutledge, speaking for the Court, said: "[U]nder [the] * * * view [rejected by the Court] Urie's failure to diagnose within the applicable statute of limitations a disease whose symptoms had not yet obtruded on his consciousness would constitute waiver of his right to compensation at the ultimate day of discovery and disability. * * * We do not think the humane legislative plan intended such consequences to attach to blameless ignorance. Nor do we think those consequences can be reconciled with the traditional purposes of statutes of limitations, which conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights." (pp. 169–170 of 337 U.S. page 1024 of 69 S.Ct.).

Other than Plazak and Ayers, Pennsylvania decisional law does not cast much illumination on the problem.[4] Plaintiffs assert that the rule of the Plazak case permits this suit to be brought for all accumulated injury at any time during the continuance of the exposure and within two years after its termination. They urge that this so-called liberal view is not altered because the Ayers case—without referring to Plazak—adopted another so-called liberal principle that in a malpractice case the statute of limitations does not begin to run until the injured patient learns or reasonably should know of the injury.

 We believe that where a plaintiff has full knowledge of the illness

3. See also Lewey v. H. C. Fricke Coke Co., 166 Pa. 536, 31 A. 261, 28 L.R.A. 283 (1895), a suit in equity holding by analogy to statutes of limitations in suits at law, that the statute of limitations does not begin to run in favor of one who removed coal from under the plaintiff's land, until plaintiff discovered, or should have discovered, the wrong.

4. In the early case of Barclay v. Grove, 21 W.N.C., 9 Sadler 153, 11 A. 888 (1888), suit to recover damages for obstruction of the use of plaintiffs' property because of defendant's refusal to remove machinery stored there was held not barred by the statute of limitations; but the charge of the trial court clearly indicated that damages were sought only for interference within six years prior to the bringing of suit. Dictum in Griffith's Estate, 147 Pa. 274, 278, 23 A. 556, 557 (1892) cites Barclay v. Grove, supra, for the proposition that "The statute does not run against a continuing cause of action * * *."

On the other hand, in Hannum v. The Borough of West Chester, 63 Pa. 475, 479 (1870), in a suit for diversion of water from a creek running through the plaintiff's land the court said: "An occupation or use must be regarded as a continuing trespass, for which ejectment, trespass or case would lie unaffected by the bar of the statute as far as the right is concerned. * * * [The statute of limitations] would operate only to limit the period for which damages could be recovered to six years before the commencement of the action." See also Blizzard v. The Borough of Danville, 175 Pa. 479, 34 A. 846 (1896); Stout v. Kindt, 24 Pa. 449 (1855).

brought about by defendant's course of conduct the injury has been done and the statute of limitations begins to run at that time. The subsequent continuance of the wrong cannot serve to toll the running of the statute of limitations on the earlier injury of which the plaintiff has knowledge. The case is analogous to a continuing tort by trespass or nuisance committed on another's land, where the true principle is authoritatively said to be that the statute begins to run from the time that knowledge arises of the injury.[5]

It follows that when the diagnosis of beryllium poisoning was made in March of 1953, the injury which until then under both the Ayers case and the Plazak case could be lumped together, amounted to an injury for which the right to redress existed. At that time the statutory period began to run.

■ We conclude, therefore, that all claims for damages attributable to exposure to beryllium dust which occurred more than two years prior to July 1, 1958, the date of commencement of this suit, are barred by the statute of limitations. But the aggravation of the disease by additional poisoning since July 1, 1956, is an injury done to plaintiffs for which the suit was brought within the statutory two-year period. The statute therefore is not a bar, and plaintiffs may recover damages during that period and down to the date of trial. To hold otherwise would be to grant to the defendant a "prescriptive right to contaminate further" the wife plaintiff's lungs. See Pieczonka v. Pullman Co., 89 F.2d 353, 356 (2d Cir. 1937), L. Hand, J.

■ The defendant's motion for summary judgment, therefore, must be denied. We may not, however, enter a so-called "partial" summary judgment. Rule 56 does not contemplate summary judgment as to a portion of a single claim. Coffman v. Federal Laboratories, 171 F.2d 94 (3d Cir. 1948), cert. denied, 336 U.S. 913, 69 S.Ct. 603, 93 L.Ed. 1076 (1949). We may, however, under Rule 56(d) considered with Rule 54(a) and (b) (See Coffman v. Federal Laboratories, supra) and Rule 16 relating to pre-trial orders, limit the issue to be tried in accordance with the views herein expressed.

■ . There remains another problem which the parties have not discussed. The pleadings and file indicate that on October 22, 1953, the parties entered into a written agreement pursuant to which defendant paid for medical treatment of the wife plaintiff from that date until February 5, 1958, five months before this suit was brought. The agreement has not been made part of the record, but it apparently stipulates that defendant is to be saved harmless from any claims by plaintiffs arising out of the medical treatment furnished. What else the agreement may have provided is not clear. Whether any elements of estoppel may exist, is not shown. The record as it is now before us would not establish an estoppel against defendant's assertion of the statute of limitations.

Similarly, the parties have argued the case on the apparent assumption that diagnosis of illness is synonymous with knowledge that the injury was inflicted by the defendant. We are not sure whether this was a studied assumption or not.

We shall, therefore, suspend the entry of an order limiting the issue to the aggravation of injury beginning two years prior to the suit so as to afford the parties an opportunity if they wish to supplement the record regarding the dealings between them and regarding knowledge by plaintiffs that the injury was caused by the defendant. At the expiration of 20 days from this date we shall make an order in harmony with the views expressed in this opinion in

5. 4 Restatement, Torts § 899, pp. 527–528, Comment d; 54 C.J.S. Limitations of Actions § 169 et seq.

the light of any additional facts which may be presented in the interim.

ORDER

AND NOW, November 30, 1962, leave is granted to the respective parties to supplement the record within 20 days, by affidavit or supplemental pleadings, regarding the agreement of October 22, 1953, and any of the circumstances relating to the medical treatment supplied by the defendant to the wife plaintiff, and plaintiffs' knowledge of the responsibility of the defendant for the wife's illness, after which, in the light of any additional facts which may be presented, an appropriate order will be entered in accordance with the views expressed in the opinion this day filed.