# Henry Boehm *v.* The Borough of Bethlehem, Appellant.

*Negligence—Independent or concurrent causes.*

When neither the allegata nor probata point to one of two independent causes as the source of alleged negligence but ascribe it to two concurrent causes, the doctrine applicable to independent causes has no application and the court is correct in refusing to instruct the jury that such doctrine should be by them considered.

*Municipal law—Liability for defective sewer—Question for jury.*

Where plaintiff alleges damages as resulting from the flooding of a sewer which had been permitted by the borough authorities to remain obstructed for a considerable space of time, the question of liability for damages resulting from the alleged concurrent causes is properly for the jury, also the question whether notice may not be presumed against the borough by reason of the lapse of a reasonable time during which examination should have been made.

*Damages—Measure of—Question for jury.*

There being abundant evidence of pecuniary damages resulting from overflow from a sewer the question of compensation is properly for the jury under adequate instructions from the court.

Argued Dec. 10, 1896. Appeal, No. 179, Nov. T., 1896, by defendant, from judgment of C. P. Northampton Co., Oct. T., 1894, No. 32, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Trespass for damages resulting from defective sewer.    Before Scott, J.

The plaintiff claimed for damages to his property by reason of an overflow from a city sewer resulting from the flooding of same, superinduced from obstructions negligently permitted to remain therein.    The theory of the defense was that the flooding was the result of a cloud burst or unprecedented storm.

Verdict and judgment for plaintiff for $269.79.    Defendant appealed.

*Errors assigned* among others were (1) refusal of binding instructions in favor of defendant; (2) answer to defendant's third point, which point and answer were as follows : " 3. In order for plaintiff to recover at all, he must satisfy the jury by the weight of the evidence, that the defendant was negligent, and that defendant's negligence was the proximate cause of the injury.    If the jury believe from the evidence that the flooding of defendant's property was occasioned by the water backing up the alleged alleyway from the Union street culvert, thereby preventing the water from Goepp street sewer from flowing off fast enough, and that this backing up of the water was because of the emptying into the Union street culvert of the water pouring down into it from the Union street sewer and from the gutter running down the northern side of Union street into said culvert, retarding the flow of the water through said Union street culvert, then the intervening and independent cause of the injuries was the said connecting sewer of Union street which was a mistake of judgment on the part of the borough officials, and the borough defendant, therefore, would not be liable for damages in this suit.    *Answer :* Denied as stated.    The point eliminates all conditions of proof relative to obstructions in the Union street culvert, which may or may not be found to have been negligently permitted to remain and which may or may not have prevented the free escape of waters from the sewer after it was backed up, and thus have contributed to any injury ; " (3) answer to defendant's fourth point, which point and answer were as follows : " 4. If the testimony in this case shows that the injuries suffered may have come from the alleged negligent maintenance of the alleged alleyway and also may have come from the state of affairs mentioned in defendant's third point, either of which

may have been the proximate cause of the injuries, it devolved upon the plaintiff to prove by a preponderance of the evidence that the cause for which the defendant was liable was culpable and the proximate cause. *Answer:* Denied as stated. If two distinct causes are operating at the same time to produce a given result which might be produced by either, they are concurrent causes. When they are successive and unrelated in their operation, one of them must be proximate and the other the remote cause (Herr v. Lebanon, 149 Pa. 222). The conditions stated in the third point, to which this is referred, are insufficient to maintain the proposition here presented, viz : that for one of these concurrent causes, the defendant might not be liable; (8) in affirming plaintiff's second point, which point and answer were as follows : " 2. The municipal authorities are liable for the damages occasioned by an open obstruction in the outlet of a sewer after a reasonable time has elapsed for its ascertainment and removal." *Answer :* " Affirmed by adding. the qualification that such obstruction has existed so long that by the exercise of reasonable care in the inspection of the highways, it ought to have been discovered;" (13, 14) error in leaving to the jury the question whether or not the storm of September 8, which was complained of, was such an unprecedented storm as to count it an act of God in its result; (15) in charging the jury as follows : " There is no testimony in dollars and cents, gentlemen of the jury, submitted by the plaintiff that would enable you to estimate in figures by a mere arithmetical calculation what damages the plaintiff suffered by any of these storms; it is not necessary : it would be impossible to calculate such damages, perhaps, arithmetically;. there might be some evidence that would direct your attention more specifically to. the matter; but it is such as is within ordinary observation and experience when based upon what evidence is presented;" (16) in failing to charge and instruct the jury in reference to the contributory negligence of the plaintiff; (17) in failing to instruct the jury as to the proper measure of damages; (18) in charging the jury as follows : " It seems to me, although the matter of damages is entirely a question for you, gentlemen of the jury, and you are not bound by my opinion, that there is no very considerable damage proven to the owner of the property in consequence of the storms of May 28 and July 1, but the amount is to be measured by you."

*Harry C. Cope,* for appellant.—When facts have not been shown, from which negligence may reasonably be inferred, they should not be submitted to a jury to infer, arbitrarily and without evidence, that there was negligence: Goshorn v. Smith, 92 Pa. 435; Reese v. Clark, 146 Pa. 465.

When an injury may have come from either one of two causes, either of which may have been the sole proximate cause, it devolves on the plaintiff to prove by a preponderance of the evidence that the cause for which the defendant was liable was culpable and the proximate cause: 16 Am. & Eng. Ency. of Law, 445.

When the act of God is of "such an overwhelming and destructive character, as by its own force, and independently of the particular negligence alleged or shown, produced the injury, there would be no liability, though there were some negligence in the maintenance of the particular structure:" Balt. & Ohio R. R. Co. v. Sch. Dist. 96 Pa. 62.

When the facts are admitted or so clearly and conclusively proved as to admit of no reasonable doubt, it is the duty of the court to declare the law applicable to them: Fisher v. Railway Co., 131 Pa. 292: Selser v. Roberts, 105 Pa. 245; Pitts., etc., Railway Co. v. Lyon, 123 Pa. 140.

Where actual pecuniary damages are sought, some evidence must be given showing their existence and extent. If that is not done, the jury cannot indulge in an arbitrary estimate of their own: Baker v. Manhattan R. Co., 118 N. Y. 533: Sedgwick on Damages, Chap. 2, p. 47; Jones on Neg. of Munic. Corp. sec. 250; Lentz v. Choteau, 42 Pa. 438; 1 Sutherland on Damages, sec. 437; Haus v. Bethlehem Borough, 134 Pa. 12; Railroad Co. v. Zebe, 33 Pa. 318; Weir v. Plymouth Borough, 148 Pa. 566.

Where the judge prominently presents in his charge the theory and strong feature of the prosecution, and ignores the theory of the defense and the facts on which it is based, this constitutes cause for reversal on error: Goersen v. Commonwealth, 99 Pa. 388; Minick v. Gring, 1 Pa. Superior Ct. 484.

*William C. Loos,* for appellee.—This case is ruled by Haus v. Bethlehem Borough, 134 Pa. 12.

A municipal corporation which is bound by its charter to

keep its streets in repair and remove nuisances therefrom, is liable for an injury occasioned by its neglect to do so: Norristown. v. Moyer, 67 Pa. 355; Erie v. Schwingle, 22 Pa. 385; Pittsburg v. Grier, 22 Pa. 54; Railroad Co. v. Jones, 24 W. N. C. 562.

OPINION BY REEDER, J., April 12, 1897:

There is very little in the nineteen specifications of error which has not been carefully considered and fully discussed by the learned judge of the court below in his charge to the jury. In several of the assignments of error the defendant below and appellant here complains that the court did not correctly discuss and submit to the jury the law relating to an injury resulting from one of two proximate causes. The appellant correctly states the law to be that where an injury may have come from one of two causes either of which may have been the sole proximate cause it devolves upon the plaintiff to prove by a preponderance of testimony that the cause for which the defendant was liable was the culpable and proximate cause, citing Shaeffer v. Twp., 150 Pa. 145, 151; Borough v. Reinhart, 13 W. N. C. 389; 16 Am. & Eng. Ency. of Law, 445; Patterson on Railway Law, section 373. That is to say where there are two independent causes either of which could be the proximate cause of the injury the burden is on the plaintiff to show that the one for which the defendant is responsible was the one which caused the injury sought to be recovered for. But that law is not applicable to the facts in this case. The plaintiff does not allege nor the evidence disclose two independent causes to either of which the damage might be ascribed but to two concurrent causes: One the permitting of obstructions to remain in the sewer; the other the subsequent flooding of the sewer. The obstructions could not have caused the injury without the flow of water; the flow of water might not have caused the injury were it not for the existence of the obstructions. Hence the law as stated by the appellant and the authorities cited in support of it are not applicable to the facts in this case. Therefore the court was correct in its denial of the defendant's fourth point and its instruction to the jury in the general charge that they must determine the plaintiff's right to recover upon whether he had succeeded in convincing them that the damage had resulted

from obstructions in the sewer of which the defendants had notice or the obstructions existed for such a length of time that the authorities of the borough in the exercise of ordinary care and diligence in the examinations of their alleys and streets should have seen in which event they would be regarded as having had constructive notice. "The omission to make an occasional examination is negligence. The city is presumed to have notice of a defect after a reasonable time for its ascertainment and removal:" Vanderslice v. Phila., 103 Pa. 102. There was abundant evidence in this case to submit both the question as to the existence of the obstruction and the time of their existence to the jury.

A large number of witnesses testified to the fact that the obstructions were there, the length of time they were there and to their character: Henry Boehm says, "It was always bad, never attended to. There were stones and sticks and mud. I examined it often and I found those stones very much in the road and that of course had the effect to raise the water much higher than anywhere else." Henry Reese and Samuel Haines testify to the same effect. Oliver King testifies that he was employed by the borough to clean the sewer but only removed the dry sand, not the stones. The plaintiff's witnesses declared that the stones never had been removed from the sewer. The boy who cleaned the sewer declared he picked the stones from the bottom of the sewer and piled them up in the sewer upon one side; other witnesses testify that the outlet of the Union street sewer was partially obstructed by stones that were left there when the sewer was built and that they were never removed until after this suit was brought and that these stones and weeds prevented the free discharge of the water from the sewer. This testimony rendered submission of the question of defendant's negligence to the jury imperative and it would have been palpable error not to have done so. The appellant complains that there was such evidence of contributory negligence as to make it error to submit the case to the jury. This claim it seems is based upon a misconception of the testimony. There is no evidence that any ashes or garbage were thrown into the sewer by the plaintiff or by the tenants of the plaintiff. Even though there was proof of such acts by his tenants it would not relieve the defendants from liability for their negligence. A

landlord is not liable for any negligence of a tenant: Wunder *v.* McKean, 134 Pa. 334. But in this case there is absolutely no evidence of such negligence. Samuel Haines, the tenant, testified that "He always prevented the throwing of garbage or rubbish in the sewer" by any member of his family. There was some evidence that in repairing the building Henry Boehm, the plaintiff, threw some slate in the sewer but that a day or two afterward he took it all out again. The appellant in his 15th, 16th and 17th assignments of error complains of the court's instructions to the jury upon the measure of damages. There was abundant evidence as to the amount of the pecuniary damage suffered by the plaintiff to warrant the submission of that question to the jury. The defendant after describing the character of the injury to his lot estimates its depreciated value at $500 and that of the building also at $500. This in itself was enough to carry the case to the jury upon that point. The case was fairly submitted in a careful deliberate well considered charge in which the attention of the jury was called to the law, correctly stated by the court below, as applicable to the facts in this case. All the assignments of error are dismissed, for the reasons stated by us in this opinion.

Judgment affirmed.