# Helbling *v.* Allegheny Cemetery Company, Appellant.

201      171
e 22 SC ³261

201      171
e209     ᵇ424

201      171
27 SC ¹463
27 SC ¹581

201      171
30 SC ¹319

201      171
32 SC ¹ 77

f 33 SC    26
f 33 SC ¹586

201      171
36 SC ¹317

*Negligence—Floods—Act of God.*

Where an injury is occasioned by flood or storm, the concurrence of negligence with the act of God in producing the injury, is necessary to fix liability. If the act is so overwhelming as of its own force to produce the injury independently of the negligence shown, the defendant owner cannot be made responsible.

In an action against a cemetery company to recover damages for injuries to a house caused by the alleged negligent act of the defendant in clogging a crib to a sewer so as to divert the water on to the plaintiff's premises, where there is evidence of extraordinary floods at the time the injury was done, an instruction is proper to the effect that if the sole cause of the injury was an extraordinary flood, the defendant is not liable, and that it could be held liable only in case some negligent act on its part, the natural consequences of which should have been foreseen, concurred with the flood in producing the loss.

*Negligence—Injuries to a house—Measure of damages.*

Where an injury to a house is not of a permanent character, the measure of damages is the cost of restoring the property to its former condition, together with compensation for the loss of its use. The rule applicable for the ascertainment of damages where land has been taken under the right of eminent domain is not the proper measure.

Argued Oct. 30, 1901. Appeal, No. 57, Oct. T., 1901, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1898, No. 493, on verdict for plaintiff in case of Elizabeth B. Helbling v. City of Pittsburg and Allegheny Cemetery Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown and Potter, JJ. Affirmed.

Trespass to recover damages for injuries to a house. Before Brown, J.

At the trial it appeared that on July 15, 1896, plaintiff's house was flooded by reason of the alleged negligence of the Allegheny Cemetery Company in the clogging up the crib of a sewer. The evidence for the defendant tended to show that the injury occurred by reason of an extraordinary flood. Other facts appear by the opinion of the Supreme Court.

The court charged in part as follows:

[If the loss in this case resulted wholly from the extraordinary floods, and not from any act of the defendant; if it re-

sulted from extraordinary floods and not from any assisting or producing act of the defendant, then the plaintiff could not recover here, and the defendant would not be responsible.] [1]

[If you find from the weight of the testimony that the sole cause of the loss was an extraordinary flood, of course the Allegheny cemetery company would not be responsible for that and your verdict should be for the defendant. If, however, the weight of the evidence satisfies you that the loss was the result of two concurrent acts, an extraordinary flood and some negligence of the cemetery company assisting in producing the loss, then the cemetery company would be liable.] [2]

[The main rule is that whatever would make good the loss to the party whose property was injured, whatever would make good in dollars and cents, would be the amount of the verdict, with interest, or the equivalent of interest, from 1896, down to the time of your verdict. There are different ways of assessing the damages. The general rule, that you might find applicable to this case, might be this: If the lowest amount of damages that would make good this loss would be the difference between the value of this property, before the injury, in 1896, and its value after the injury, as resulting from the loss —not a drop in the value caused by other causes—if there were other causes, but the difference between the value of the property before the injury, and its value after the injury, as affected by the injury, that would be one way of estimating the damage. There was some testimony that it would cost a considerable sum, and I have forgotten the figure, to make this property as good as it was before, by rebuilding or changing, or something of that sort. If that cost of repairing, or making it as good as it was, substantially, is less than this other rule, then you would use that.] [5]

At the close of the testimony a voluntary nonsuit was taken as to the city of Pittsburg.

Verdict and judgment for plaintiff for $3,500. Allegheny Cemetery Company appealed.

*Errors assigned* were (1, 2, 5) above instructions, quoting them.

*James R. Sterrett*, with him *Thomas Patterson*, for appellant.

—Concurring negligence, to create liability, must be such as to require the combined effect of the act of God and the concurring negligence to produce the injury: B. & O. Railroad Co. v. Sulphur Spring Independent School District, 96 Pa. 65.

We contend that the correct measure of damages applicable to cases such as this is the cost of repairing the building, and putting the premises in as good condition as they were before, and compensation for the loss of the use of the premises in the meantime: Bare v. Hoffman, 79 Pa. 71; Robb v. Carnegie Bros. & Co., 145 Pa. 324; Gift v. Reading, 3 Pa. Superior Ct. 359; Hoffman v. Mill Creek Coal Co., 16 Pa. Superior Ct. 631.

*Frank A. Ammon,* with him *Samuel A. Ammon,* for appellee, cited: Brown v. Pine Creek Ry. Co., 183 Pa. 39.

OPINION BY MR. JUSTICE FELL, January 6, 1902:

The plaintiff's house was injured by water which during rain storms accumulated at the opening of a city sewer and flooded the street. The opening of the sewer was on the land of the Allegheny Cemetery Company, from which it received the surface drainage, conducted to it by natural and artificial drains. It was surrounded by a circular iron grating or crib six feet high to prevent it from becoming clogged with rubbish. The negligence alleged was that the cemetery company allowed large quantities of brush, weeds and cut grass to lie along the water courses and near the opening of the sewer, and that these were carried by the rains to the crib and so clogged it that the water did not have a free passage to the sewer. The main ground of the defense was that the rainfalls were so extraordinary that their consequences could not be foreseen, and that the injury was attributable solely to an act of God for which no one was liable.

All the assignments of error except one, relate to the instruction of the court on this branch of the defense. It is argued that the instruction was inadequate and misleading, in that it left the jury to find that any concurring negligence on the part of the company however trifling and fanciful, and although it did not produce the injury, and the absence of it would not have prevented it, made the company liable. Some expression in

the charge standing alone may be open to the objection urged, but the charge considered as a whole, fully and properly states the law applicable to the case.

The injury should be attributed wholly to the act of God, if the extraordinary rainfall would have caused it not withstanding the negligence of the cemetery company. The mere existence of negligence which is not a producing cause of the injury creates no liability. Where an injury is occasioned by flood or storm, the concurrence of negligence with the act of God in producing the injury is necessary to fix liability. If the act is so overwhelming as of its own force to produce the injury independently of the negligence shown, the defendant cannot be held responsible; Livezey v. Philadelphia, 64 Pa. 106; Balt. & Ohio R. R. Co. v. Sulphur Spring Independent School Dist., 96 Pa. 65.

The jury was instructed that if the sole cause of the injury was an extraordinary flood, the cemetery company was not liable, and that it could be held liable only in case some negligent act on its part, the natural consequences of which should have been foreseen, concurred with the flood in producing the loss. This instruction was distinct and emphatic and repeated at the end of the charge and it could not have been misunderstood.

As the injury to the plaintiff's house was not of a permanent character, the measure of damages was the cost of restoring the property to its former condition, together with compensation for the loss of its use. The rule applicable for the ascertainment of damages where land has been taken under right of eminent domain was not the proper measure: Robb v. Carnegie Bros. & Co., 145 Pa. 324; McGettigan v. Potts, 149 Pa. 155; Eshleman v. Martic Twp., 152 Pa. 68. As, however, the jury was instructed to apply this rule only in case that the difference in market value before and after the injury was found to be less than the cost of restoring the property, no harm was done the defendant.

The judgment is affirmed.