# Siegfried, Appellant, v. South Bethlehem Borough.

*Municipalities—Sewers—Surface water—Damages.*

The construction of sewers, in municipalities, for the drainage of surface water, is a matter resting in the discretion of the municipal authorities, and their power in the premises is to be exercised with reference to the existing conditions and the means at their command.  The municipality is not liable for damages resulting from an error of judgment with respect to the location or direction of the sewer, or its sufficiency for the purpose designed.  Its liability is confined to injuries due to interference with the natural flow of water, faulty construction, and failure to maintain the sewer in proper condition, and free from obstructions that materially affect its use; and the rule is the same whether a natural water course is adopted for drainage purposes, or an artificial channel is built.

*Pleading—Practice—Trespass—Plea of not guilty—Evidence.*

Where in an action of trespass the defendant files an answer categorically denying the numbered paragraphs of the statement of claim, the answer is equivalent to a plea of not guilty.

The plea of not guilty is sustained by proof that the damage complained of was due to some other cause than the defendant's act or omission, or that the plaintiff's negligence contributed to it; and these need not be specified, or even alluded to in the plea.

In an action of trespass against a borough to recover damages for injuries to land alleged to have been due to the bad condition of sewer inlets, evidence may be admitted under the plea of not guilty, or its equivalent, that the injury was caused by an extraordinary flood, although no reference is made to such flood in the plea.

*Municipalities—Sewers—Damages—Evidence—Notice.*

In an action to recover damages for injuries alleged to have been sustained by reason of the defective condition of sewer inlets, the question of the condition of the inlets is properly withdrawn from the jury, where the uncontradicted evidence showed that the inlets had been cleaned out by the municipality five days prior to the day on which the injuries were sustained, and that they had remained clear during this intervening time.

*Waters—Flood—Extraordinary flood—Concurring negligence—Negligence.*

To give a stream or body of water the character of an extraordinary flood, it is not necessary that it should be the greatest flood within memory; its character in this respect is to be tested by the comparison with the usual volume of floods ordinarily occurring.  And even if, with an extraordinary flood, there is concurring negligence, the party chargeable with it will be relieved from liability if the flood is so overwhelming in character that it would of itself have produced the injury complained of independently of such negligence.

Argued Dec. 5, 1904.  Appeal, No. 13, Oct. T., 1904, by plaintiff, from judgment of C. P. Northampton Co., Dec. T.,

1901, No. 18, on verdict for defendant in case of Aaron Siegfried and Harry Smock, trading as Siegfried & Smock v. South Bethlehem Borough. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages to land. Before SCHUYLER, P. J.

The statement of claim was as follows:

1. Seigfried & Smock, the plaintiffs in the above action, say that they are the occupiers of a certain house Nos. 442 and 444, situated on Wyandotte street in the borough of South Bethlehem, and are engaged in the general produce business, to wit: buying and selling oranges, bananas, apples, cabbages, etc., and have been engaged in said general produce business since December 31, 1900.

2. That on March 10 and 11, 1901, by reason of the negligence of the municipal authorities of the defendants, the said South Bethlehem borough, in allowing the closed culvert running across Wyandotte street in front of the building occupied by the plaintiffs, to become clogged and stopped up with rubbish, debris, brush, sand, stones, etc., so that the waters drained into said closed culvert from a large section of the territory of South Bethlehem borough, as well as the waters coming down Fountain Valley creek, which are also drained into said covered culvert, were dammed up and thrown upon the premises occupied by the said plaintiffs as a storeroom, and in and over their storeroom and cellar, so that all the vegetables and produce which were in the cellar at the time and many articles of produce which were in the said storeroom at the time, were damaged and made unsalable, to the injury and damage of the said plaintiffs in the sum of $1,000.

3. The plaintiffs also charge the defendants with negligence in allowing said culverts and creek to be clogged with rubbish, debris, brush, sand, stones, etc., prior to the impetration of the writ, without giving the same proper attention and cleaning, also with negligence in not making proper arrangements for the carrying of the water coming from the Lehigh mountain and Lower Sanson township and Salisbury township in

Lehigh county, into two different directions and to different localities, so that it will not flow together in the covered culvert in front of the building occupied by the plaintiffs as a storeroom, and which has caused them damage to the value of $1,000.

4. That the aforesaid damage of $1,000 were the result of the negligence of the defendants, the South Bethlehem borough, wherefore the plaintiffs bring this suit.

The answer was as follows:

A. C. Graham, chief burgess of the borough of South Bethlehem, for and in behalf of said borough, makes answer to the plaintiffs' claim in the above stated action and says:

1. That he is unable to affirm or deny the allegations set forth in the first paragraph of plaintiffs' statement.

2. That he denies the allegations set forth in the second paragraph of plaintiffs' statement.

3. That he denies the allegations set forth in the third paragraph of plaintiffs' statement.

4. That he denies the allegations set forth in the fourth paragraph of plaintiffs' statement.

### COUNTERCLAIM.

5. He asserts that the damage sustained by the plaintiffs (if any), was the result of plaintiffs' own negligence, in draining water from their premises into the culvert, and in throwing rubbish and debris into the creek at the mouth of the culvert in question, and in not properly protecting their property; also in occupying a property adjacent to a creek, the banks of which were confined by the walls of the building.

At the trial plaintiffs' attorney made the following motion.

Mr. Doster: The plaintiff now moves to strike from this record, and objects to all future testimony that may be offered on the subject of the inadequacy of the culvert, and on the subject of whether the rainfall was ordinary or extraordinary, because they are issues not raised by the pleadings, and the plaintiff refers to the pleadings to show that the plaintiff's statement avers damages caused by the stoppage of the culvert; that the answer consists of a denial of all these things, with the single exception of the fact that the plaintiff occupied a store, which is neither affirmed or denied; but the answer is further accompanied by other defense, or counterclaim, in which the

defendant asserts that the damage sustained by the plaintiff was the result of the plaintiff's own negligence, in draining water from the premises into the culvert, and throwing refuse and debris into the mouth of the culvert in question, and in not properly protecting his property; also he occupied a property adjacent to the creek, the banks of which were confined by the walls of the buildings. But there is nothing averred as to the inadequacy of the sewer, nor as to the damages being the result of an extraordinary rainfall. That in addition to this objection the plaintiff has no notice of any other defenses and is not called upon to call in rebuttal witnesses upon any other defenses than those that form the issue in this case.

The Court: The motion is denied and bill sealed for plaintiffs. [3]

The court charged in part as follows :

[Then as to these sumpts. I don't find the word in any dictionary, and I guess that it is a local word up there in South Bethlehem. I don't know whether they ever used the name sumpts anywhere else, at least I haven't met with it. But, however, it is not for the court to criticise the borough of South Bethlehem if they call them sumpts there; and the question is whether they had anything to do with this controversy.

Last evening I suggested to the counsel for the plaintiffs that they did have nothing to do with the controversy, and I understood him to say that he entirely agreed with me at this time. I imagine, from his argument to the jury, that he has somewhat changed his view upon that subject. I have not changed mine. I think you have nothing to do with these sumpts. If the only issue was as to the condition of these sumpts on the night of March 10, and if that was the only act of negligence charged against the defendant, I should have no hesitation in saying to you that you should return a verdict in favor of the defendants. So that there are three items that have been more or less involved in these controversies that are eliminated from your consideration. The first is with reference to the two pipes. There is but one opening before you, and that is the opening where the pipes are constructed. Then the question of the inadequacy of the culvert is eliminated from the case under the instructions that I have given to you. And

460 SIEGFRIED, Appellant, v. SO. BETHLEHEM BOROUGH.

Statement of Facts—Opinion of the Court. [27 Pa. Superior Ct.

in the third place the sumpts are not before your consideration. Whatever evidence has been given as bearing upon the sumpts you can disregard under the instructions of the court when you come to deliberate upon your verdict.] [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1) portion of charge as above; (3) refusal to strike out evidence; (4) that the charge as a whole was erroneous.

*W. E. Doster*, for appellant, cited: Conyngham v. Erie Electric Motor Co., 15 Pa. Superior Ct. 573; McMurray v. Erie City, 59 Pa. 223; Latimore v. Dwelling House Ins. Co., 153 Pa. 324; Darragh v. Stevenson, 183 Pa. 397.

*W. S. Kirkpatrick* of *Kirkpatrick & Maxwell*, with him *J. Davis Brodhead*, for appellee.

OPINION BY SMITH, J., March 14, 1905:

The construction of sewers, in municipalities, for the drainage of surface water, is a matter resting in the discretion of the municipal authorities, and their power in the premises is to be exercised with reference to the existing conditions and the means at their command. The municipality is not liable for damages resulting from an error of judgment on their part, with respect to the location or direction of the sewer, or its sufficiency for the purpose designed. Its liability is confined to injuries due to interference with the natural flow of water, faulty construction, and failure to maintain the sewer in proper condition, and free from obstructions that materially affect its use; and the rule is the same whether a natural water course is adopted for drainage purposes, or an artificial channel is built: Cooper v. Scranton, 21 Pa. Superior Ct. 17; Boehm v. Bethlehem, 4 Pa. Superior Ct. 385; Carr v. Northern Liberties, 35 Pa. 324; Fair v. Philadelphia, 88 Pa. 309; Collins v. Philadelphia, 93 Pa. 272; Blizzard v. Boro. of Danville, 175 Pa. 479; Owens v. City of Lancaster, 182 Pa. 257.

In the case before us, the damage to the plaintiff was caused by an overflow of surface water upon his premises. The decla-

ration avers that this was by reason of the defendant's negligence in allowing a closed culvert, crossing Wyandotte street in front of his property, through which the water should have been discharged, to become clogged with rubbish, sand, stones, brush, etc., and an amendment charges the loss as due to the defendant's negligence in allowing the opening of a culvert on Broad street to become clogged in like manner, and two inlets leading from the street to the sewer, in front of the plaintiff's property, to become clogged with ice and debris. The defendant, besides denying the alleged negligence, offered evidence to show that the overflow was caused by an extraordinary flood, resulting from an unusually heavy rainfall. This was objected to by the plaintiff as inadmissible under the pleadings, and its admission forms the subject of the second and third assignments of error.

The declaration contains four paragraphs; the second and third setting forth the character of the alleged negligence, and the fourth laying the damages. On the part of the defendant, its chief burgess filed an answer meeting each paragraph specifically; the second by the averment " That he denies the allegations set forth in the second paragraph of plaintiff's statement," and the like answer to the third and fourth paragraphs, followed by a charge of contributory negligence on the part of the plaintiff, but with no reference to the act of God, in an extraordinary flood, as the cause of the overflow. There was no answer to the amendment, nor was any formal plea entered. The plaintiff contends that, under the answer, the defendant could only give evidence to controvert the charge of negligence and of contributory negligence by the plaintiff, and that the admission of evidence respecting the extraordinary character of the flood was error.

This contention cannot be sustained. The only plea in trespass, under the procedure act of 1887, is "not guilty." The answer here is, in legal effect, this plea. It meets the allegations in each of the three paragraphs of the declaration referred to with a common traverse, omitting the tender of issue. In substance and meaning, its denial of the cause of action is identical with that embodied in the common-law form of the plea, " That he is not guilty of the said trespasses laid to his charge, or any part thereof, in manner and form as the plaintiff

hath complained." The amendment, subsequently filed, not being a new assignment, requires no further plea or answer; and if a tender of issue is not implied in the defendant's denial, it was waived by going to trial on the pleadings as they stood. Even aside from the act of 1887, the allegation, in the plea, of contributory negligence by the plaintiff, or of the act of God as the cause of the injury complained of, is unnecessary. These are entirely matters of evidence. The plea of not guilty is sustained by proof that the damage complained of is due to some other cause than the defendant's act or omission, or that the plaintiff's negligence contributed to it; and these need not be specified, or even alluded to, in the plea.

The only error alleged in the portion of the charge that forms the subject of the first assignment is the withdrawal of the condition of the inlets to the sewer in front of the plaintiff's premises,—or "sumpts," as they are styled in the declaration,—from consideration by the jury as a cause of the overflow. In this, the trial judge was entirely justified. The rain began on Saturday night. The evidence was uncontradicted,—and part of it came from the plaintiff's witnesses,—that these inlets had been cleaned out by the borough authorities on the preceding Monday, and several witnesses who had observed them meantime testified that they remained clear. The testimony of one witness, that on Friday their openings were partly closed by ice, does not indicate definitely to what extent this would interfere with the drainage; and even if it had been a material obstruction the borough authorities appear to have had no knowledge of it, and the circumstances were not such as to charge them with constructive notice of it two days later. Thus there was no evidence from which the jury could have found negligence by the defendant at this point.

There is no merit in the assignment relating to the general character of the charge. It dealt fairly with both sides of the case, and as fully with the evidence for the plaintiff as its nature required. Nearly all of this evidence, bearing on the condition of the inlets and sewer, related to a date subsequent to the rain, when they had become clogged with obstructions carried into them by the flood, and since it was conceded that the question of their sufficiency for the discharge of the water

and accompanying obstructions did not enter into the case, no reference to the evidence on this point was necessary, and none would have been pertinent. The trial judge called attention to the condition of the culvert with respect to obstructions, at the time of the rain, as presenting " the serious, the important, and the pivotal question in the case," and, without reviewing the evidence on either side, referred it to the jury who had heard it, for their careful consideration. The instructions relative to the flood were clear and accurate. To give a stream or body of water the character of an extraordinary flood, it is not necessary that it should be the greatest flood within memory; its character in this respect is to be tested by comparison with the usual volume of floods ordinarily occurring. And even if, with an extraordinary flood, there is concurring negligence, the party chargeable with it will be relieved from liability if the flood is so overwhelming in character that it would of itself have produced the injury complained of independently of such negligence : B. & O. R. R. Co. v. School District, 96 Pa. 65 ; Helbling v. Cemetery Co., 201 Pa. 171. Whether, in the present case, the flood was of this description, was a question of fact, to be determined by the jury from the evidence, and this was submitted to them with adequate instructions.

Nothing in the assignments of error requires further discussion. They are overruled, and the judgment is affirmed.