## Rife *v.* Middletown, Appellant.

*Pleading—Statement—Trespass—Negligence.*

Where a statement in trespass contains clear and concise averments of the acts of negligence of which complaint is made, the plaintiff is not debarred from showing in the statement other items which are the natural results of such negligent acts.

If the defendant regards ·the statement of claim as insufficient, he may demur, or apply to the court for a rule to show cause why more specific statement should not be filed. If he joins issue, goes to trial on the statement as filed, and the trial clearly shows that he was prepared to meet the testimony of the plaintiff as to the damages resulting from the negligence complained of, he cannot thereafter complain of the statement.

*Practice, C. P.—Continuance—Discretion of court.*

A motion for ·a continuance based upon the plea of surprise, appeals ordinarily to the discretion of the court.

*Municipalities—Obstruction in street—Negligence—Notice.*

A municipality cannot allow a dangerous obstruction in a street to exist for any considerable time, and then say it is exempt from liability, or that it had no notice, or that it had no knowledge. It is bound, after a reasonable time, to know, and if it is a defect, to remedy it.

In an action against a borough to recover damages for injuries caused by water, it appeared that the borough had substituted pipes for an open stream, and it was averred that these pipes were insufficient to allow free passage of the water from above which ordinarily came down the course of the stream. It was also averred that the defendant had erected a wooden grating or crib above the entrance to the pipes, against which it carelessly and negligently allowed brush, dirt and débris to gather and accumulate so as to fill up the stream, clog the pipes, and dam back the water upon plaintiff's land. *Held,* that independently of any error of judgment in the matter of the substitution of the pipes for the open stream, there was sufficient to carry the case to the jury on the distinct charge of negligence in the manner in which the pipes were cared for.

*Waters—Act of God—Negligence—Concurring negligence.*

In an action of trespass against a borough to recover damages for injuries resulting from alleged negligent acts of the borough in connection with a water course, where there is evidence that the damage took place at the time of an unusually high flood, it is not error for the court to charge that "the rule of law is that, although an act of God entails no injury upon anyone in contemplation of law, yet if man contributes towards it, it is man alone that is responsible."

Argued March 15, 1906. Appeal, No. 3, March T., 1906, by defendant, from judgment of C. P. Dauphin Co., March T., 1904, No. 269, on verdict for plaintiff in case of John W. Rife and Jacob F. Rife v. Middletown Borough. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for injuries from water. Before WEISS, P. J.

The court charged in part as follows:

It is also said that an unusually high flood last March was the cause of the water backing from the river up the channel, up the creek, where this water was accumulated and flowed against and through that tunnel across Lawrence street and up the stream, and that its swirling then and its running down

with some degree of turbulence, as the waters in the river sub-
sided, was the cause ; and you will ascertain whether there is
any evidence to show that that is so.   There is some, and you
will consider whether it is as it is claimed.   That is said to
have been an unusually high flood, higher than the river has
been accustomed to be.   That is what is called an act of God ;
and if that was the sole agency which at that time was the
cause of the injury and damage to the land of the plaintiffs,
then no man is responsible, for a visitation sent us of that kind,
if it was a large one—and I assume that it was an unusually
high flood—works injury to nobody.   If, however, there was
that flood and the waters backed up underneath the tunnel or
underneath the causeway at Lawrence street, and aided in do-
ing the damage, but the waters coming from above also con-
tributed to the injury, so that there was a conjuncture of what
the law calls an act of God and the act of man, man alone is
responsible, although the extraordinary high water in the river
may have contributed towards it.   The rule of law is that,
although an act of God entails no injury upon anyone in con-
templation of law, yet if man contributes towards it, it is man
alone that is responsible, and you will consider how that was
in this case.   Were the waters dammed up from the river along
and up this channel, underneath the causeway, up the stream
along the lands of Rife or not ?   If they were not there is no
need to consider anything further, because there is no question
then as to whether it was the high water or whether there was
a conjunction of the high water from the river and the act of
man.   It is only if you find that the water caused it, either by
itself or in conjunction with the carelessness of man—the bor-
ough in this case—that you will consider it.   If it was the
back water from the river wholly, there is no liability.   If it
was not wholly, but the river contributed towards it and the
waters flowing down also contributed towards the injury that
is complained of here, then the defendant is, or may be, liable.

Mr. W. M. Hargest: May I correct the court so there may
be no misapprehension?   Of course the court means to limit
that to that one occasion in March.

The Court: I mean by that, the injury which is complained
of at the time—in March, 1904—when the waters are said to
have backed up from the river.   What was theretofore done,

aside from the injury on this occasion said to have been caused by the river, is wholly or may wholly be the fault of the defendant, and I have already stated to you, I think, how that is, and the rule by which it is governed. [9]

Defendant presented these points :

3. The jury can award no damages resulting from the March flood, 1904, known as the river flood. *Answer :* This is affirmed, with the qualification respecting the possible contribution toward the injury by the defendant itself, and with that qualification the point is affirmed. [10]

4. The plaintiffs cannot recover for any item of injury which has not been set forth in their statement of claim. *Answer :* That is refused. There is no necessity to set forth all the items naturally arising out of the act of the defendant if it is guilty of negligence. [11]

5. The plaintiffs cannot recover on account of any alleged injury to the wall, as the defendant had no notice, direct or indirect, that any claim was made for any such alleged injury, and had no notice that any such injury had ever occurred. *Answer :* The point is refused. [12]

6. The plaintiffs can only recover on the items of alleged injury mentioned or referred to in their statement of claim, viz. : the bridge, the fruit trees, tilling of the soil and pollution of the well. There is not the slightest reference to any other injury. *Answer :* That is refused. [13]

Verdict and judgment for plaintiff for $400. Defendant appealed.

*Errors assigned* among others were (9–13) above instructions, quoting them.

*Paul A. Kunkel,* for appellant.—The statement was insufficient : Malcolmson v. Clayton, 13 Moore P. C. C. 198 ; Wabash, etc., Ry. Co. v. Lynch, 12 Ill. App. 365 ; Martachowski v. Orawitz, 14 Pa. Superior Ct. 175 ; Parker v. Lowell City, 77 Mass. 353.

The instructions as to the extraordinary flood were erroneous : Siegfried v. South Bethlehem Borough, 27 Pa. Superior Ct. 456 ; B. & O. R. R. Co. v. School District, 96 Pa. 65 ; Helbling v. Cemetery Co., 201 Pa. 171.

*W. M. Hargest*, of *Hargest & Hargest*, for appellee.—Where the wrong charged in the statement, by the operation of natural laws necessarily produces a certain result, it is not always essential that such result be specially averred : Martachowski v. Orawitz, 14 Pa. Superior Ct. 175 ; Spigelmoyer v. Walter, 3 W. & S. 540.

All mere technical defects in a declaration, which might have been reached by demurrer, are cured by a trial and verdict on the merits : East Union Township v. Comrey, 100 Pa. 362 ; Erie City Iron Works v. Barber, 118 Pa. 6 ; Chapin v. Cambria Iron Co., 145 Pa. 478 ; Eckert v. Schoch, 155 Pa. 530.

The question attempted to be raised that the act of God caused the damage, is disposed of by the cases which counsel for appellant cites : Siegfried v. South Bethlehem Borough, 27 Pa. Superior Ct. 456 ; Keats v. Gas Co., 29 Pa. Superior Ct. 480 ; Miller v. Buffalo, etc., R. R. Co., 29 Pa. Superior Ct. 515.

OPINION BY BEAVER, J., November 12, 1906 :

No exceptions seem to have been taken to the rulings of the court complained of in the second, fourth, seventh, eighth and twenty-second assignments of error. They are, therefore, not properly before us and may be disregarded in the consideration of the case. Inasmuch, however, as the same questions are raised by the other assignments of error, the case, as presented by the appellant, will be fully considered.

The first, third, fifth, sixth, tenth, eleventh, twelfth and thirteenth assignments of error raise practically the same question.

The statement sets forth the ownership, in the plaintiffs, of a large tract of land divided into building lots, through which a small natural stream of water runs, which found an outlet under Lawrence street by virtue of an open channel, over which a bridge was carried, which freely allowed the passage of the water which ordinarily came down the course of the stream; that, in 1902, the borough of Middletown carelessly and negligently, without any legal right, and in total disregard of the rights of the plaintiff, took away said bridge and filled up said street and put in two small iron pipes for the purpose of carrying the water of said stream under said street; that the

said pipes are totally insufficient to carry the water which came to said point during frequent and ordinary rains and the surface water from melting snows, which caused the water to be dammed up and back upon the lands of the plaintiffs; that the defendant, in further disregard of plaintiffs' rights, carelessly, negligently and unlawfully, built and constructed a wooden grating or crib above the entrance to said two small pipes, against which said defendant has carelessly and negligently allowed brush, dirt and débris to gather and accumulate, so as to fill up the said stream, clog up the pipes and dam back the water upon said plaintiff, so that the water from ordinary rains or melting snows, which naturally comes to said point and which heretofore passed under the said bridge, has been interfered with by the defendant and dammed back upon the plaintiffs' land; has carried away a bridge which plaintiffs had erected over said stream for ingress and egress to their property, has injured a large number of fruit trees; has interfered with the tilling of the soil and has polluted and damaged a well on the plaintiffs' premises; that the said defendant has, although repeatedly notified to abate said nuisance, and restore the said water way, neglected and refused to remedy or alter the same, and the plaintiffs have been greatly damaged, and therefore they bring this suit and claim damages in $1,000.

1. The plaintiffs, in presenting their case, offered, and, under the ruling of the court admitting their offers, proved general damages, such as the washing away of the retaining wall of the open stream above the bridge, the removal of which is complained of, the loss of rent of houses damaged by the backing of the water, and various other items not specifically set forth in the statement.

"The statement in an action for negligence must set forth with particularity the defendant's acts of which the negligence is predicated, and the cause and nature of the injury; mere general averments of negligence are not sufficient:" 16 P. & L. Dig. of Dec. 27,222.

The acts of negligence here are very clearly set forth. They are the substitution of two small iron pipes in place of a bridge which allowed free passage of the water from above which ordinarily came down the course of said stream; the erection of "a wooden grating or crib above the entrance to said two small

pipes, against which said defendant has carelessly and negligently allowed brush, dirt and débris to gather and accumulate, so as to fill up the said stream, clog up the pipes and dam back the water upon said plaintiffs, so that the water from ordinary rains or melting snows which naturally comes to said point and which heretofore passed under the said bridge has been interfered with by the defendant and dammed back upon the plaintiffs' land."

This is a clear and concise statement of the acts of negligence complained of. Is the plaintiff debarred, by setting forth in his statement certain specific items of damage, from showing other items which are the natural result of the negligent acts complained of ? This seems to be the main point under this branch of the case raised by the defendant.

In view of the result of the trial, what was said in Baylor v. Stevens, 16 Pa. Superior Ct. 365, in which the same question was raised, would seem to be applicable: " It (the statement) is certainly concise, if not as specific as it might be. The trial developed the fact that the defendant was prepared to meet all the allegations of the plaintiff. The statement evidently, therefore, furnished him with the information, which it was necessary for him to have, of the ground upon which the plaintiff sought to recover, in order to prepare for and properly present his defense, and this is one of the principal functions of a statement."

If the defendant regarded the statement as insufficient, he could have demurred or he could have applied to the court for a rule to show cause why a more specific statement should not have been filed. He joined issue and went to trial on the statement as filed and the trial clearly showed that he was prepared to meet the testimony of the plaintiff as to the damages resulting from the negligence complained of.

Under this branch of the case, it may be well to allude to the several motions made at different times to continue the case on the ground of surprise. The rule of court under which this motion was made is not given. In some of our courts a continuance on the plea of surprise is regarded as equivalent to a matter of right, when the rules governing such a continuance are complied with, namely, an affidavit properly made, setting forth the grounds upon which the surprise is predicated.

There was nothing of this kind here and we are left to presume that the rules of the common pleas of Dauphin county do not require such an affidavit. Ordinarily, such a motion, based upon the plea of surprise, would appeal to the discretion of the court, and in view of the defendant's readiness to meet the issue at every point, we cannot say that the trial court failed in the exercise of a sound legal discretion.

2. It is alleged that there was no evidence that the borough had substituted the pipes in question for the bridge which was removed. As to this, we think the court stated the case more strongly against the plaintiff than the facts warranted. The clerk of the council testified from recollection that "The supervisor reported among other things that he done (sic) was the fixing of or the placing of the sewer pipes across Lawrence street, later on. Q. You think the supervisor reported the placing of the pipes? A. Yes, sir." It is true that this witness and the plaintiffs themselves fix a different date for the placing of the pipes, but the question was as to whether or not the borough did it. However this may be, it appears that notice was given to the council by one of the plaintiffs of the insufficiency of the pipes to drain the water coming down from above and that there was general acquiescence in the complaint, and an effort was subsequently made to remedy the difficulty. At all events, as pointed out by the court in the charge to the jury, "A municipality cannot allow an obstruction of that kind to exist for any considerable time and then say that it is exempt from liability, or that it had no notice, or that it had no knowledge. It is bound, after a reasonable time, to know, and if it is a defect to remedy it, so that whether it appears that the borough placed the pipes at Lawrence street or whether, being placed there and insufficient to carry off the water, they were bound to know that they were there, and if they did not remove them, they are liable, if injury was done to the plaintiffs, in the same manner and in the same way as though they had placed them there."

But it is strenuously argued by the appellant that, even if the borough placed the pipes there and they were insufficient to carry the water which came down from above, it was an error of judgment and that they are not liable therefor, under the well-known rule lately referred to in Siegfried v. Bethle-

hem Borough, 27 Pa. Superior Ct. 456.   See also Robinson v. Norwood Borough, 27 Pa. Superior Ct. 481; s. c., 215 Pa. 375. Even assuming that the effort to compel a body of water, which failed to vent itself through a space twelve feet wide by three feet high, above the ordinary stage of the water, to pass through two pipes two feet each in diameter may be called an error of judgment, the plaintiffs distinctly charged negligence in the erection of a wooden grating or crib above the entrance to the said pipes, against which defendant carelessly and negligently allowed brush, dirt and débris to gather and accumulate, so as to fill up the stream, clog the said pipes and dam back the water upon plaintiffs' property.   Independently, therefore, of the substitution of the pipes for the open stream, there was a distinct charge of negligence in the manner in which they were cared for.   The testimony upon this subject was such as to compel its submission to the jury.

3. As already intimated, there is no exception to the ruling of the court as to the admission of evidence in relation to the character of the March flood of 1904, as contained in the eighth assignment of error.   The ninth and tenth assignments relate to the instructions of the court in regard to the results of this flood as follows : " It is also said that an unusually high flood last March was the cause of the water backing from the river up the channel, up the creek, where this water was accumulated and flowed against and through that tunnel across Lawrence street and up the stream, and that its swirling then and its running down with some degree of turbulence, as the waters in the river subsided, was the cause ; and you will ascertain whether there is any evidence to show that that is so.   There is some, and you will consider whether it is as it is claimed. That is said to have been an unusually high flood, higher than the river has been accustomed to be.   That is what is called an act of God ; and if that was the sole agency which at that time was the cause of the injury and damage to the land of the plaintiffs, then no man is responsible, for a visitation sent us of that kind, if it was a large one—and I assume that it was an unusually high flood—works injury to nobody.   If, however, there was that flood and the waters backed up underneath the tunnel or underneath the causeway at Lawrence street, and aided in doing the damage, but the waters coming from above

also contributed to the injury, so that there was a conjuncture of what the law calls an act of God and the act of man, man alone is responsible, although the extraordinary high water in the river may have contributed towards it. The rule of law is that, although an act of God entails no injury upon anyone in contemplation of law, yet if man contributes towards it, it is man alone that is responsible, and you will consider how that was in this case," etc.

This is not in any sense a departure from the law as laid down in Siegfried v. Bethlehem Borough, 27 Pa. Superior Ct. 456, in which it is said: " And even if, with an extraordinary flood, there is concurring negligence, the party chargeable with it will be relieved from liability, if the flood is so overwhelming in character that it would of itself have produced the injury complained of, independently of such negligence: B. & O. R. R. Co. v. School District, 96 Pa. 65; Helbling v. Cemetery Co., 201 Pa. 171." The language of the court, that "If man contributes toward the injury, man alone is responsible," is in no manner contrary to the statement that, " If the flood is so overwhelming in character that it would of itself have produced the injury complained of, independently of such negligence," man is not responsible. It is simply another way of stating the same rule.

It was said in B. & O. R. R. Co. v. School District, 96 Pa. 65: " We apprehend that the concurring negligence which, when combined with the act of God, produces the injury, must be such as is in itself a real producing cause of the injury and not a merely fanciful or speculative or microscopic negligence which may not have been in the least degree the cause of the injury. In other words, if the act of God in this particular case was of such an overwhelming and destructive character as by its own force, and independently of the particular negligence allowed or shown, produced the injury, there would be no liability, though there were some negligence in the maintenance of the particular structure. To create liability it must have required the combined effect of the act of God and the concurring negligence to produce the injury."

The remarks of the trial judge on this phase of the case were in exact accord with this statement of the law.

Viewing the case as a whole, from any of the points of view

presented by the appellant, we can discover no substantial error which would justify us in sustaining any of the assignments. They are, therefore, all overruled, and the judgment is affirmed.