# Eagle Hose Company, Appellant, *v.* Electric Light Company.

*Negligence—Electric light company—Horse—Proximate and remote cause—Nonsuit.*

An electric light company which maintains its wires in a public highway is bound to adopt the best precautions against danger, in general use, which experience has shown to be effectual, and to avail themselves of every such known safeguard, or generally approved invention, so as to lessen the danger to persons lawfully using the highway.

In an action by a fire engine company against an electric light company to recover damages for the killing of a horse, the case is for the jury where it appears that the defendant maintained an arc lamp on a pole about forty feet distant from a place where a fire broke out, to which the plaintiff was driving its engine; that the arc lamp was suspended on an arm to which it was attached by a rope; that the fire reached the rope, burnt through it; and that the arc light fell in such a way that one of the horses attached to the engine stepped on a live wire and was killed.

Negligence may be the proximate cause of an injury of which it is not the sole or immediate cause. If the defendant's negligence concurred with some other event other than the plaintiff's fault, to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are so closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time.

Argued Feb. 28, 1907.   Appeal, No. 21, Jan. T., 1907, by plaintiff, from order of C. P. Lackawanna Co., Jan. T., 1904, No. 414, refusing to take off nonsuit in case of Eagle Hose

Company No. 1 of Priceburg v. Priceburg Electric Light Company. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ.  Reversed.

Trespass to recover damages for death of a horse. Before NEWCOMB, J.

The fact are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*Alton A. Vosburg,* with him *Charles W. Dawson,* for appellant.—The defective wire was the proximate cause of the injury: Ewing v. Versailles Twp., 146 Pa. 309 ; Bitting v. Maxatawny Twp., 177 Pa. 213 ; Laidlaw v. Sage, 158 N. Y. 73 (52 N. E. Repr. 679) ; Sturgis v. Kountz, 165 Pa. 358; R. R. Co. v. Kerr, 62 Pa. 353.

It is not necessary, even if the fire be considered the proximate cause of the injury, that the fire itself be such an occurrence as should have been reasonably apprehended by the defendant company: Huber v. Railway Co., 92 Wis. 636 (66 N. W. Repr. 708) ; Bitting v. Maxatawny Township, 177 Pa. 213 ; Davis v. Ry. Co., 33 L. R. A. 654 ; R. R. Co. v. Eaton, 94 Ind. 474.

Where an injury is the combined result of the negligence of the defendant, and an accident for which neither the plaintiff nor defendant is responsible, the defendant must pay the damages, unless the injury would have happened if he had not been negligent: Palmer v. Andover, 56 Mass. 600; Lower Macungie Township v. Merkhoffer, 71 Pa. 276 ; Hey v. Philadelphia, 81 Pa. 44.

It was a question for the jury whether or not the safety clutches were so generally in use that it was the duty of the company to provide them, and that a failure to so provide these safety appliances was negligence on the part of the appellee; and whether or not the appliance used was reasonably safe: Titus v. R. R. Co., 136 Pa. 618 ; McCombs v. Ry. Co., 130 Pa. 182 ; Strawbridge v. Bradford, 128 Pa. 200 ; Henderson v. Ry. Co., 144 Pa. 461 ; Bishop v. Ry. Co., 48 Minn. 26 (50 N. W. Repr. 927) ; Mock v. Traction Co., 73 Pac. Repr. 455.

We also contend that companies using electricity are held

to a higher degree of care in the use of this highly dangerous agent, than those who use ordinary machinery : Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540 : Electric Co. v. Simpson, 31 L. R. A. 566 ; Dillon v. Light Company, 179 Pa. 482 ; Turton v. Electric Co., 185 Pa. 406 ; Will v. Light Co., 19 Lanc. 337 ; Miller v. Electric Light, etc., Co., 212 Pa. 593 ; Kyle v. Light & Power Co., 174 Pa. 570.

*R. L. Levy*, with him *F. M. Lynch*, for appellee.—In determining what is termed proximate cause the true rule is that the injury must be the natural and probably consequence of the negligence.   Such a consequence, as under the surrounding circumstances of the case, might or ought to have been foreseen by the wrongdoer as clearly to flow from his act: Hoag v. Railroad Co., 85 Pa. 293 ; Pass. Ry. v. Trich, 117 Pa. 390 ; Sturgis v. Kountz, 165 Pa. 358 ; Marsh v. Giles, 211 Pa. 17.

OPINION BY ORLADY, J., May 13, 1907 :

On March 6, 1903, in response to a fire alarm signal given through the defendant company's plant, the plaintiff responded to the call by taking a number of its members on its hose truck, drawn by two horses, to a three-story frame hotel building then on fire in the near vicinity.   On their arrival they passed along the public street under an electric arc lamp, which was then hanging in its place suspended on a mast or arm nine feet long and attached to a pole, placed on the opposite side of the street and forty feet distant from the building on fire.   After passing a short distance under the light, the driver was directed to return to the other side of the light to enable the firemen to properly discharge their duties, and, as stated by the driver of the wagon, " As soon as I turned around to come back the lamp fell," and by other witnesses it was shown that when he was within fifteen feet of the lamp it fell to the ground.   The heat from the burning building was so intense that it burned the rope which held the arc lamp in place at the end of the arm, and severely scorched the pole.   The arm on which the arc lamp was suspended remained in place.   The driver did not notice the fall of the arc light, and in his effort to get the team in a proper position one of the horses stepped on a live

wire attached to the arc lamp and was instantly killed. This action was brought to recover damages for the loss of the horse, the negligence alleged being that the defendant company improperly and unsafely secured the arc lamp to the arm, it being suspended by a hemp rope, and not supported by clutches or any other safe or proper appliance. At the end of the trial the court granted a nonsuit upon the ground that the proximate cause of the injury was the burning of the rope, due to a casualty which the defendant was not reasonably bound to foresee, and that the evidence failed to disclose either that the use of the clutch described was anything more than experimental in that locality at the time in question.

Under the evidence it appears that the arc light was suspended in its place by the rope which passed over a pulley on the pole, and was made fast to the pole at a cleat, so that the lamp could be lowered or raised for purposes of keeping it in repair and effectiveness, by an operator on the street, and was held in place in no other way than by making it fast at the cleat on the pole. The plaintiff called two witnesses who were admittedly experts in their line, and of considerable experience in their business, who described the character and purpose of the appliance called a clutch, and that its use prevented the fall of the light if the rope would be cut or broken, so that the lamp would be kept hanging in place at the end of the arm. Mr. Parrish testified that such clutches were a customary apparatus in the use of street lamps, and had been in general use since 1889, and that the support by a hemp rope with a pulley, without a clutch or device, was not a safe appliance, and that with the clutch in use and with the rope broken or burnt, the lamp could not fall. George Jay, who had had eleven years' experience in electric street lighting, testified in substance the same, and neither would consider a lamp safe without a clutch or other safety device of similar character, and that such precautionary measures were in use in the city of Scranton, in Dunmore, Taylor, Rendham, Pittston and other places in the immediate neighborhood of Priceburg. It was urged that these witnesses referred to the use of the device as experimental only, but their testimony is not necessarily limited to that construction, and it could reasonably be inferred from the testimony of both that they were recognized as wise and necessary precau-

tions to prevent the fall of the lamp, either from malicious interference with or accidental breaking of the ropes, for the reason that the fall of the lamp would result in the breaking down of the wires charged with a high current of dangerous power.

It was further contended that the company should not be held liable because of the fire over which they had no control, and which they could not reasonably anticipate. True it is that the pole was forty feet distant from the burned building and placed on the opposite side of the street, and, without the fire, the lamp would not likely have fallen at that time, but it is also true, or could at least be so found by the jury from the evidence, that had the clutch appliances been in use the arc lamp would not have fallen, for the reason that the arm attached to the pole remained in place. The authorities controlling this question are quite clear. In Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540, it was stated: "The company, however, which uses such a dangerous agent is bound not only to know the extent of the danger, but to use the very highest degree of care practicable to avoid injury to everyone who may be lawfully in proximity to its wires, and liable to come accidentally or otherwise in contact with them." And in Heh v. Consolidated Gas Co., 201 Pa. 443, it was stated, citing with approval what was said in Koelsch v. Philadelphia Co., 152 Pa. 355 : " While no absolute standard of duty in dealing with such agencies can be prescribed, it is safe to say in general terms that every reasonable precaution suggested by experience and the known dangers of the subject ought to be taken." See also Aument v. Pennsylvania Telephone Co., 28 Pa. Superior Ct. 610. And in Daltry v. Electric Light, etc., Co., 208 Pa. 403, the Supreme Court say: "Electricity when of sufficient voltage for lighting purposes is well known by electricians and others familiar with its properties to be most dangerous, and likely to cause death to those who come in contact with its current. Those who deal with it or supply it to the public are, therefore, required to recognize this fact and to exercise every care commensurate with the danger. A party responsible for an injury by reason of a failure to observe such care is guilty of negligence." It was clearly the duty of the defendant company to adopt the best precautions against danger in general use, and which experience has shown to be effectual, and to

avail themselves of every such known safeguard or generally approved invention, so as to lessen the danger to persons lawfully using the highways. This is the unquestioned rule governing electric light companies. As to whether the negligence of this company was of such a character as to make it liable depends in a large measure on the discharge of that duty, by the defendant company in properly safeguarding the arc lamp in its place on the mast or arm. The fire may be conceded to be an independent agency over which the company had no control, and that without its effect the lamp would not have fallen. The test of proximate cause established by Pennsylvania R. R. Co. v. Hope, 80 Pa. 373, is whether the facts constitute a continuous succession of events so linked together that they become a natural whole, or whether the chain of events is so broken that they become independent, and the final result cannot be said to be the natural and probable consequences of the primary cause, the negligence of the defendant: Shaughnessy v. Pittsburg, 20 Pa. Superior Ct. 609. But negligence may be the proximate cause of an injury of which it is not the sole or immediate cause. If the defendant's negligence concurred with some other event other than the plaintiff's fault, to produce the plaintiff's injury so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are so closely connected that the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time: Burrell Township v. Uncapher, 117 Pa. 353; Plymouth Township v. Graver, 125 Pa. 24. While the burning building may be treated as an inevitable accident so far as the defendant company is concerned, in that they were not in any manner identified with the cause of the fire and had no control over it, it may at least be treated as an intervening agency which brought into dangerous prominence that which a jury might find was a negligent act of the defendant, and so combined with it as to cause the plaintiff's damage. If this should be so determined against the defendant company it will be sufficient ground on which to base a verdict in the plaintiff's favor: Railroad Co. v. School District, 96 Pa. 65; Helbling v. Cemetery Co., 201 Pa. 171; Siegfried v. South Bethlehem Borough, 27 Pa. Superior Ct. 456. The precautions which were reasonably neces-

sary to protect the arc lamp in its place, and whether the company failed to adopt an appliance which was recognized as safer than the one he had had in use, and was well known to be of such a character, and in general use in the community prior to the happening of this accident, was a question for the jury. Whether the use of such appliances was purely experimental, and was not recognized as an accepted precaution and safety appliance, was for the jury as well. Under the facts in the case it was error to enter a nonsuit. The case should have been submitted to the jury under proper instructions.

The judgment is reversed and a venire facias de novo awarded.