## Engle *v.* Luzerne County Gas Company, Appellant.

*Waters—Obstruction of stream—Overflow of banks—Gas pipe—Gas company—Question for jury—Negligence.*

In an action by an owner of property in a house against a gas company to recover damages for injuries to the property by the backing of water on the property from a stream, the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence tends to show that the municipality in which the property was situated had provided a sufficient vent under a city bridge, but that the defendant had suspended a gas pipe of from four to six inches in diameter between the bed of the stream and the bottom of the bridge, and that this pipe at a time of high water caught the debris, and backed the water on plaintiff's premises causing the injuries for which suit was brought.

In such a case if the pipe contributed in any substantial way to the damage, it was sufficient to make the defendant liable; and this is so even if the flood was an extraordinary one.

Argued March 3, 1908. Appeal, No. 8, March T., 1908, by defendant, from judgment of C. P. Luzerne Co., Jan. T., 1904, No. 150, on verdict for plaintiff in case of John Engle v. The Gas Company of Luzerne County. Before RICE, P. J., PORTER, HENDERSON, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for injuries to property. Before HALSEY, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $200. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendants, and answers to various points.

*James L. Morris*, with him *J. B. Woodward*, for appellant.—The presumption at the very outset of the case existed in favor of the appellant that there was no negligence in the design or construction of the pipe line, or in the act of appellant in placing it beneath the bridge.

It was part of the appellee's case to overcome this presumption and to prove that the appellant had not located the pipeline with proper care and skill, having regard to landowners above and below, and had not provided or left a proper vent for the ordinary waters of the stream. It was necessary that the appellee should do this in order to be entitled to recover: Berninger v. Sunbury, etc., R. R. Co., 203 Pa. 516; Ry. Co. v. Gilleland, 56 Pa. 445; Livezey v. Philadelphia, 64 Pa. 106; B. & O. R. R. Co. v. Sulphur Springs School Dist., 96 Pa. 65.

*James L. Lenahan*, with him *T. M. Herbert*, for appellee.— The case was for the jury: Ry. Co. v. Gilleland, 56 Pa. 445; Helbling v. Cemetery Co., 201 Pa. 171.

OPINION BY BEAVER, J., April 20, 1908:

Two suits were tried before the same jury, one brought by the wife of the plaintiff against the defendant, for damages done to her house and lot; the other, which we have for consideration on appeal, brought by the plaintiff against the defendant, for damages to personal property contained in and about the house. Whatever the result of the suit by the wife may have been, it is not before us.

There is no exception to the charge of the court relating to the measure of damages alleged to have been sustained by the parties to these two suits respectively.

The locus in quo, so far as its general features are concerned, is the same as that referred to in Keats v. Gas Co. of Luzerne County, 29 Pa. Superior Ct. 480. The main facts of that case are similar to those upon which the present case rests, at least so far as the flood of 1901 is concerned. The claim here, however, is based upon the conditions which prevailed not only in the flood of 1901, but also a similar one of 1903.

The appellant fails to furnish us, in its paper-book, with a copy of the draft which was in evidence. This is a very serious omission, as it is essential to a proper understanding of the case. In our study of the case, however, we have constructed a crude map of our own and think we have reached a proper understanding of the facts.

A stream, known as Solomon's Creek, rising in the mountains east of Wilkes-Barre, flows westward to the north branch of the Susquehanna. In its course, it crosses certain streets of the city of Wilkes-Barre practically at right angles. The street upon which the Engle house and lot front is Barney street. East of that and nearer the mountains is Regent street, and farther east Franklin street. West, and next below, is Waller street. Bridges cross the stream at all of these streets. At Franklin street, farthest east, is a bridge with an opening thirty-two feet between the abutments and 8.4 feet from the bed of the stream to the girders of the bridge. At Regent street, the abutments are thirty-six feet apart and the height from bed to bridge 8.7 feet. At Barney street bridge, the abutments are twenty-eight feet apart and the distance from bed to bridge is 10.4 feet. At Waller street, the distance between the abutments is not given, but the height from bed to bridge is 8.9 feet. It will thus be seen that the area for the vent of the water of this stream, under all circumstances, was greater at Barney street than at either Regent or Franklin streets next above it on the stream. At Barney street, however, at a distance of four feet and four inches below the bottom of the bridge, and three feet and six inches above the ordinary water line, was a six-inch gas pipe, belonging to the defendant company, which crossed the stream.

On both occasions, of which the plaintiff complains, the water and debris which came down the stream were carried under the bridges at Franklin and Regent streets without difficulty, but the debris was caught against the gas pipe of the defendant, which was braced from the bridge so as to resist pressure from above. This created a dam which prevented the flow of the water, caused it to back up beyond the Engle house and turned it through their lot and through other lots on the other side of the stream. The water thus carried outside of the stream was returned to it before the bridge at Waller street was reached, and through it was vented in the ordinary way. There was some testimony of water overflowing the banks in the neighborhood of Regent street, but the amount was apparently inconsiderable.

The damage to the Engle house and lot, including fences and personalty, was evidently occasioned by the backing of the water from the dam, caused by the collection of debris—trees, ties, doors, barrels, brush and whatever was brought down the stream—which found a lodgment against the gas pipe. It is very clear, therefore, that not only was the damage to house and lot and their contents occasioned by the backing of the water from the dam under the Barney street bridge, but that there was sufficient capacity to vent everything which came down the stream through that bridge, as through the bridges above it, but for the maintenance of the defendant's gas pipe practically midway between the floor of the bridge and the bottom of the stream.

Was the construction and maintenance of this pipe, under the circumstances, negligence? As to that question, the court below said:

"Now, the first inquiry that you will have to make, gentlemen of the jury, is what was the cause of this flow of water over and out of the banks of Solomon's Creek, and down upon the Engle property. Was it because of the lack of ordinary care on the part of the defendant here in the construction and location of the gas pipe across the creek under the Barney street bridge? You will recall, gentlemen of the jury, that the gas pipe was three feet six inches above the water; that it was four feet four inches below the girder of the bridge. Was that a reasonable construction, was it carefully constructed, was it such a construction under the circumstances as would be proper there at that locality? Negligence is want of care according to the circumstances. You have the circumstances, and I have endeavored to give you the rule, and you must reach a conclusion, gentlemen of the jury, as to whether or not there was any negligence there at that time by this defendant company, at either of the times, in December, 1901, and in October, 1903." This is not assigned for error and was, we think, a clear and fair statement of the question of the negligence of defendant.

This record raises none of the questions which were passed upon in Keats v. Gas Co., 29 Pa. Superior Ct. 480. That case

was reversed, first, on the ground that relevant testimony, as to the conditions of weather, rainfall, etc., which existed at the time, had been excluded, and that the instruction of the court in regard to the measure of damages was inadequate. It was recognized there, however, as we think it must be here, that there were questions of fact to be submitted to the jury, and in that case we granted a new venire.

Out of the twelve assignments of error, ten are based upon negative answers by the court, in which, for various reasons, the court was asked to instruct the jury that the verdict must be for the defendant. The twelfth relates to the overruling of defendant's motion for judgment n. o. v., and the eighth is "Under all the evidence, the flood of December, 1901, was an extraordinary flood and the plaintiffs cannot recover for any damages done at that time," which was also negatived.

The case was clearly for the jury. The verdict was reasonable and no assignments, based upon exceptions to the admission of testimony or to the general charge of the court, are presented. We might well content ourselves, therefore, with a general dismissal of the remaining assignments, in all of which the court was asked to take the case from the jury, but a brief review of the two questions which the appellant presents for consideration, as raised by points for charge and the answers thereto, of which it complains, will not be out of place. They are as follows:

First. Was there established on the trial of the cause such negligent construction and maintenance, for which the appellant was responsible, as of itself to be sufficient to cause the damage complained of?

Second. Was the damage complained of caused, in either the December, 1901, or October, 1903, overflow, by an extraordinary flood?

As to the first proposition, we have already disposed of the question of negligence, but aside from that the question propounded is faulty in this: that it imposes upon the plaintiff a duty which was not incumbent upon him. It was not necessary to show that the construction and maintenance, for which the appellant was responsible, was of itself sufficient to

cause the damage complained of. If it contributed in any way to the damage, it was sufficient to make the defendant liable.

. The municipality, whose duty it was to provide for the passage of the water of Solomon's Creek, and whatever of debris might come down with it, had made such provision. That the provision was ample is shown by the fact that both the Franklin street and Regent street bridges afforded full vent not only for the water, but the debris which came down the stream. The Barney street bridge, having larger capacity for the passage of both water and floating material, was where the damage occurred, and, by all the testimony in the case, the overflow was caused by the presence of the pipe against which the debris coming down the stream formed a dam. The defendant has not shown from the municipality any right to maintain the pipe as it was and, even if the right had been given it to occupy the streets, this clearly would not have conveyed the right to suspend a pipe, variously stated to be four and six inches in diameter, midway between the bed of the stream and the bottom of the bridge. That the appellant itself expected pressure from above is shown by the fact that the pipe was braced from below. It may be conceded that the construction and maintenance of the gas pipe would not of itself be sufficient to cause the damage complained of, but that is not the question here. Of course, if there had been no high water and no debris carried by the water, there would have been no damage, but, if the act of the plaintiff in maintaining the pipe, taken in connection with the flood, caused the damage, it is liable, even assuming that the flood was an extraordinary one.

The doctrine in regard to this question is laid down in B. & O. R. R. Co. v. School District, 96 Pa. 65, in which the late Chief Justice GREEN said: "We apprehend that the concurring negligence, which, when combined with the act of God, produces the injury, must be such as is in itself a real producing cause of the injury, and not a merely fanciful or speculative or microscopic negligence which may not have been in the least degree the cause of the injury. In other words, if the

act of God in this particular case was of such an overwhelming and destructive character, as by its own force, and independently of the particular negligence alleged or shown, produced the injury, there would be no liability, though there were some negligence in the maintenance of the particular structure. To create liability it must have required the combined effect of the act of God and the concurring negligence to produce the injury:" Helbling v. Cemetery Co., 201 Pa. 171; Rife v. Middletown, 32 Pa. Superior Ct. 68.. This was practically what the court charged and is not assigned for error.

It is very clear from the testimony that the flood would have caused no injury whatever to the plaintiff, except for the presence of the pipe maintained by the defendant, because the other bridges above, with less vent for the water, safely discharged that and all that it carried. The testimony is clear, and practically uncontradicted, that the pipe was the real cause of the injury; that it caught the debris coming down the stream and piled it up in such a way as to back the water upstream, so as to flow around the plaintiff's house.

This makes the discussion of the second proposition practically unnecessary, because, assuming that the flood of 1901 was extraordinary, the jury may have found, as they readily could, that the defendant contributed, if it was not alone liable therefor, to the damage occasioned the plaintiff by the damming of the waters of Solomon's Creek.

As already stated, the case was clearly one for the jury and the judgment, entered upon its moderate verdict, should not be disturbed.

Judgment affirmed.

Petition for reargument.

OPINION BY BEAVER, J., July 16, 1908:

The verdict of the jury in this case established two controlling facts, without which the court below distinctly said there could be no recovery: First, that the "construction and location of the gas pipe across the creek under the Barney street bridge" was a negligent construction and that the defendant was re-

sponsible therefor; and, second, that this negligence contributed to the injury of which the plaintiff complains.

In regard to the latter proposition the court said: "Concurring negligence, which when combined with the act of God produces the injury, must be such as is in itself a real producing cause of the injury, and not a mere fanciful, speculative or microscopic negligence which may not have been in the least degree the cause of the injury. In other words, if the act of God in these particular cases was of such overwhelming and destructive character as by their own force and independently of the particular negligence alleged or shown, produced the injury, there would be no liability, though there were some negligence in the maintaining of the particular structure. To create the liability it must have required the combined effect of the act of God and the concurring negligence of the defendant to produce the injury. In other words, if the negligence of the company conspired with the act of God to cause the injury, and the injury was due primarily to the negligence of the defendant, it is liable."

In our consideration of the case, we referred to the facts upon which the petition for reargument dwells: "There was some testimony of water overflowing the banks in the neighborhood of Regent street, but the amount was apparently inconsiderable." We, of course, relied upon the finding of the jury as to the facts of negligence and of the negligence being of such a character as to contribute to the injury. We can, therefore, see no particular merit in dwelling upon the testimony of the witnesses for the defendant as to the source of the water which caused the injury to the plaintiff, whether it came from Regent street above or by the damming of the water at the Barney street bridge below. The jury has settled that question, the testimony being of such a character that it was necessarily for their finding.

The petitioner alleges as a second reason for a reargument that the opinion of this court "erroneously applies the doctrine of the decisions of the courts of this commonwealth relative to liability in cases of extraordinary flood, in that it holds that even when a flood is admitted to be extraordinary, as were

admitted the floods complained of in this case, a jury may find a defendant liable for the trespass complained of, if the negligence alleged contributed to the damage occasioned to a plaintiff, without in itself being a real, producing cause of the injury."

From the quotation of the charge of the court this is clearly disproved. The court went quite as far as the cases in holding that the negligence of the defendant must be a real producing, cause and not what is called a speculative or microscopic negligence which may not have been in the least degree the cause of the injury.

It seems to us that the case was fully covered by our former opinion, in view of the facts as found by the jury upon sufficient evidence, under the clear and explicit charge of the court submitting the questions involved for their consideration and finding. On a re-examination of the testimony, there does not seem to have been in our minds any misapprehension of its sufficiency or effect, nor any misapplication of the law, as we understand it and as it was clearly set forth by the court below.

Considering the case in its entirety, we see no occasion for a reargument, which is, therefore, refused.