## Malpass v. Philadelphia, Appellant.

*Negligence—Municipalities—Overflow from sewer—Case for jury.*

1. In an action against a city to recover damages for injuries to property caused by an overflow of water from a street during a rain storm, the case is for the jury where the evidence is conflicting as to the extraordinary character of the storm, and the evidence for the plaintiff tends to show that the inlets to the sewer in the street had for a long time been seriously clogged; that this condition had been permitted to continue after the proper officers of the city had express notice of the fact, and that this condition of the inlets had contributed to produce the injury for which the suit was brought.

2. While a municipality is not bound to construct sewers in its highways, nor is it liable in case a sewer which it does construct, proves inadequate, it assumes the duty of keeping in good condition and repair such sewers as it does install, and a failure to perform that duty will render the city liable for damages in an action of trespass.

Argued Oct. 14, 1912. Appeal, No. 46, Oct. T., 1912, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1904, No. 5,025, on verdict for plaintiff in case of Clara Davis Malpass, now intermarried with Albert C. Tudball, v. City of Philadelphia. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for injuries to real estate caused by an overflow of water from a street. Before FERGUSON, J.

At the trial it appeared that on August 20, 1904, plaintiff's property at 363 Leverington avenue in the city of Philadelphia was injured after a rain storm by a great flow of water from the street. The evidence was conflicting as to the severity of the rainfall which preceded the accident. The evidence for the plaintiff tended to show that the inlets to the sewer in the street had been long clogged, and that this condition was known to the city authorities.

The court refused to give binding instructions for defendant.

Verdict and judgment for plaintiff for $392. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. C. Wilson*, assistant city solicitor, with him *D. J. Callaghan*, assistant city solicitor, and *Michael J. Ryan*, city solicitor, for appellant.—The city is not liable for errors in judgment or for inadequate sewers: Fair v. Phila., 88 Pa. 309; Collins v. Phila., 93 Pa. 272.

In the absence of negligence on the part of the municipality there can be no recovery for damages resulting from insufficient capacity of a sewer, causing overflow: Fair v. Phila., 88 Pa. 309, and Collins v. Phila., 93 Pa. 272, followed: Fairlawn Coal Co. v. Scranton, 148 Pa. 231; Strauss v. Allentown, 215 Pa. 96; Schweriner v. Philadelphia, 35 Pa. Superior Ct. 128.

*Frederick A. Sobernheimer*, with him *Frederick A. Sobernheimer, Jr.*, for appellee, cited: Edwards v. Williamsport, 36 Pa. Superior Ct. 43; Boehm v. Bethlehem Borough, 4 Pa. Superior Ct. 385; Siegfried v. South Bethlehem Borough, 27 Pa. Superior Ct. 456; Vanderslice v. Philadelphia, 103 Pa. 102; Herr v. Altoona, 31 Pa. Superior Ct. 375; Steelton Borough v. Booser, 162 Pa. 630; Chester v. Lane, 24 Pa. Superior Ct. 359; Helbling v. Allegheny Cemetery Co., 201 Pa. 171; Toole v. R. R. Co., 27 Pa. Superior Ct. 577; Taylor v. Canton Twp., 30 Pa. Superior Ct. 305.

OPINION BY PORTER, J., February 27, 1913:

The plaintiff brought this action of trespass to recover for injury to her property caused by an overflow of water from the street during a rain storm. She recovered a verdict and judgment in the court below and the defendant appeals. The only ruling of the court below assigned for error is the refusal of binding instructions in favor of the defendant.

The evidence produced by the plaintiff would have warranted a finding that the inlets to the sewer in the street from which the water came had for a long time been clogged, so that water could not enter them; that this condition had been permitted to continue after the proper officers of the city had express notice of the fact, and that this condition of the inlets to the sewer contributed to produce the injury for which the plaintiff seeks to recover. While a municipality is not bound to construct sewers in its highways, nor is it liable in case

a sewer which it does construct proves inadequate, it assumes the duty of keeping in good condition and repair such sewers as it does install, and a failure to perform that duty will render the city liable for dam- ages, in an action of trespass: Vanderslice v. Philadelphia, 103 Pa. 102; Siegfried v. South Bethlehem Borough, 27 Pa. Superior Ct. 456; Herr v. Altoona, 31 Pa. Superior Ct. 375; Ringwalt v. Atglen Borough, 49 Pa. Superior Ct. 517.  The evidence as to the character of the storm which accompanied the flood did not so clearly establish that the rainfall would by its own force have produced the injury independently of the negligence of the de- fendant shown, as to warrant the court in declaring, as matter of law, that the injury was the result of the act of God, for which the defendant was in no degree re- sponsible.  Some of the witnesses testified that the storm was merely an ordinary summer rain, while others used language indicating that it was of more than ordinary violence.  The questions whether the negligence of the defendant concurred with the flood in producing the loss and whether the loss would have occurred in the absence of such negligence, were for the jury: Helbling v. Cemetery Company, 201 Pa. 171.  The case was for the jury and the prayer of the defendant for binding in- structions was properly refused.

The judgment is affirmed.